PEOPLE EX REL., ETC.,

v.

MARK BIRD.

QUO WARRANTO—COURTS INQUIRING INTO ELIGIBILITY OF ALDERMEN.
—The power conferred upon the Common Council of East St. Louis to judge
of the qualification of its members, does not oust the courts of jurisdiction
by *quo warranto* to inquire into and determine the eligibility of a person
assuming the duties and powers of alderman, and admitted to a seat as such,
and to render judgment of ouster against him, if he is found ineligible.

ERROR to the Circuit Court of St. Clair county; the Hon.
WILLIAM H. SNYDER, Judge, presiding. Opinion filed No-
vember 24, 1886.

Mr. M. MILLARD, for plaintiff in error; as to the jurisdic-
tion of circuit courts, cited Myers v. People, 67 Ill. 503;
Mapes v. People, 69 Ill. 523; Wilson v. People, 94 Ill. 426;
Darling v. McDonald, 101 Ill. 370; Klokke v. Dodge, 103
Ill. 128; Hankins v. People, 106 Ill. 637.

*Quo warranto* lies to test the right of a person who may be
actually filling the office of alderman: Dillon on Municipal
Corporations, §§ 202, 889, 890, 891; People v. Hall, 80 N. Y.
117; High on Extraordinary Remedies, § 685.

Even when election contests are allowed by statute, the
State has power to proceed by *quo warranto*, and ascertain
whether the person declared elected is entitled to the office:
Am. Law of Election (McCrary), § 307; People v. Holden, 28
Cal. 123; People v. Jones, 20 Cal. 50; People v. Hall, 80 N.
Y. 117.

Mr. B. H. CANBY, for defendant in error; that the circuit
court did not have jurisdiction, cited Linegar v. Rittenhouse,
94 Ill. 210; Dillon on Municipal Corporations, 3d Ed., § 200;
People v. Metzker, 47 Cal. 524; Dickey v. Reed, 78 Ill. 261;
State v. Marlow, 15 Ohio St. 114.

GREEN. J. This was a proceeding by *quo warranto*, insti-

People v. Bird.

tuted to oust the defendant in error from the office of alderman. The information consisted of two counts; the first count charges defendant with usurping and intruding into the office of alderman of the Fourth Ward of the city of East St. Louis. Second count. That on April 20, 1886, he was an alien and entered into and unlawfully assumed the powers and duties thereof. To this information a demurrer was interposed by defendant, assigning, as special cause, the want of jurisdiction of the circuit court "to hear, try or determine upon *quo warranto*, the qualifications of members of the city council of said city." The demurrer was sustained; the relator elected to stand by his information; it was dismissed by the court, and to reverse the judgment dismissing the same, this writ of error was sued out. It is provided by the city charter, "No person shall be a member of the city council unless at the time of his election he shall have resided twelve months within the city, and shall be at the time twenty-five years of age, a freeholder of the city, *a citizen of the United States*, and a resident of the ward from which he was elected." The demurrer admits the defendant was an alien, and within the inhibition of the foregoing clause; hence, in violation of the terms of the charter, a compliance with which was obligatory upon the city council, the defendant was unlawfully permitted to perform the duties and exercise the powers of an alderman; but yet it is insisted the circuit court had no power to oust him, because it is further provided by the city charter, "The city council shall judge of the qualification, and of the election and returns of their own members, and shall determine all contested elections." This is not a contested election case between individuals, to be determined by the council; nor is the election nor are the returns involved; hence the authorities cited on behalf of defendant are not in point, and the position we are asked to sustain is this: That the legislature, having conferred the power upon the city council to judge of the qualification of the members thereof (but upon the condition an alien shall not be such member), yet if the city council, in violation of this condition, shall judge an alien to be qualified, and give him a seat, and permit him to perform the duties and exercise the

powers of an alderman, such judgment is conclusive; the legislative will can be thus defeated, and the courts are powerless to prevent this wrong to the people by ousting the person so unlawfully usurping the office. Such a doctrine we can not sustain; we have found no case in which the precise question here presented has been decided by our Supreme Court, but in Linegar v. Rittenhouse, 94 Ill. 208, it is said, "We presume these enactments concerning contested elections do not deprive the circuit courts of the power to hear and determine cases of *quo warranto*," and also, "The power conferred upon a city council to judge of the election of its own members may not be a bar to a *quo warranto* or a *mandamus* proceeding," and the question of the jurisdiction of courts in a case like this has been the subject of discussion by text writers, and has been frequently decided by courts of last resort of other States. The fact that a city council has admitted an ineligible member to a seat therein, does not prevent courts from investigating the matter on *quo warranto* and ousting the member. Well's on Jurisdiction, 468. It is not unusual for charters to contain provisions that the common council shall be the judge of the qualification of its own members; this will not ordinarily have the effect to oust the jurisdiction of the courts. Dillon on Mun. Cor. 141. The case of Com. v. Allen, 70 Penn. St. 464, is directly in point. It was a proceeding in *quo warranto* to oust a member of the common council in a case where the charter provided, "The city council shall in like manner as each branch of the legislature, judge and determine upon the qualification of its members," and as in the case at bar, the jurisdiction of the court was challenged by a demurrer to the information, assigning as cause that the council was the proper tribunal. But the court say: "Granting the common council have power to judge and determine the qualification of its members, it does not follow that the authority of the court is taken away to inquire into a forfeiture, which does not take place until the member has been admitted to his seat: then only does it become necessary to enforce the law by giving the judgment of ouster; if the council suffer the member to sit, and fail afterward to inquire into and declare the disqualification, it

can not be argued that the forfeiture which took effect the moment the member was sworn in, and continued so long as the prohibited relation continued, can not be judicially ascertained and determined."

People v. Hall, 80 N. Y. 117, People v. Holden, 28 Cal. 123, and High on Ex. Rem., § 685, sustain the views expressed in Com. v. Allen. By the light of the authorities cited, and entertaining the view we do of the purpose and scope of the proceeding by *quo warranto*, we hold the power conferred upon the common council of East St. Louis to judge of the qualification of its members was not conferred with the intent to oust the courts of jurisdiction, by *quo warranto*, to inquire into and determine the eligibility of a person assuming the duties and powers of alderman and admitted to a seat as such, and rendering judgment of ouster against him if he is found ineligible. Sustaining the demurrer and dismissing the information was error for which the judgment must be reversed and the cause remanded.

Reversed and remanded.