THE PEOPLE OF THE STATE OF ILLINOIS
v.
SAMUEL HAMILTON AND CHARLES W. GROGAN.

24   609
54   356

Quo Warranto—*Discretion—Village Trustees—Qualifications—Taxes—Arrears—Paragraphs 34 and 192, Chap. 24, Starr & C. Ill. Stat.*

1   It *seems* that the provisions of paragraph 34, Chap. 24, Starr & C. Ill. Stat., touching the qualifications of Aldermen, are not made applicable to Village Trustees by paragraph 192-of said chapter.

2.   Upon a proceeding by information in the nature of a *quo ·warranto* to test the right of the defendants to hold the office of Village Trustees, it is *held:* That disqualification arising from being in arrears in the payment of taxes as provided in said paragraph 34, if applicable, applies to the office and not to the election; that payment of the tax by one of the defendants, before assuming the office, removed the objection; and that the other defendant was not in arrears within the meaning of the statute, his arrears being caused by the fault of the collector of taxes.

3.   In a proceeding by *quo warranto*, the issue of a writ does not end the discretion of the court. Where the writ has been improvidently issued the court may decline to proceed or to grant the relief sought.

[Opinion filed February 17, 1887.]

IN ERROR to the Circuit Court of Cass County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. OSCAR A. DE LEUW, for plaintiffs in error.

Messrs. ROACH & JONES and BEACH & HODNETT, for defendants in error.

The granting of leave to file an information in the nature of a *quo warranto* is within the sound discretion of the court. The People v. Waite, 70 Ill. 25; The People v. Moore, 73 Ill. 132; The People v. North Chicago Railway Co., 88 Ill. 537.

The issue of the writ does not end the discretion of the court.   Commonwealth v. Chuley, 56 Pa. St. 270.

The City Council is the judge of the election and qualifications of its own members.   Starr & C. Ill. Stat., Vol. 1, Sec.

35, p. 458; People v. Metzger, 47 Cal. 524; Duffield's Case, 20 Leg. Int. 100; Brightly's Lead. Cases on Elections, 651; Commonwealth v. Garrigues, 28 Pa. St. 9; Commonwealth v. Leech, 44 Pa. St. 332.

A disqualification existing at the time of election, but removed at the time of entering upon the duties of the office, is not cause for removal from office. State v. Murray, 28 Wis. 96; State v. Trumpf, 50 Wis. 103; Privett v. Beckford, 26 Kan. 52.

WALL, J. This was a proceeding by information in the nature of a *quo warranto* to test the right of Samuel L. Hamilton and Charles W. Grogan to hold, respectively, the office of Trustee of the Village of Ashland, in the County of Cass. A demurrer was interposed to the joint pleas of the defendants and was by the court overruled. The plaintiffs electing to abide by the demurrer, judgment was entered for the defendants. The record is brought here by writ of error and the ruling of the court upon the demurrer is now to be considered.

The said Hamilton and Grogan were elected Trustees of said village on the 20th of April, 1886, and on the 6th day of May following took the proper oath and entered upon the duties of the office. The only objection to the right of Hamilton to hold the position is that at the time he was elected he owed the sum of $1.44 for village tax, which sum was then unpaid and standing against him upon the books in the hands of the Sheriff as tax collector of the county, which sum was by said Hamilton paid on the first day of May, after his election, and before his assumption of the office.

As to Grogan the objection is that he owed the sum of 44 cents for the same tax, which was paid on the 18th of June, 1886, before the filing of the information and after he had entered upon the office. It is alleged in the plea that prior to said election said Grogan wrote to the Sheriff, requesting him to send him, said Grogan, a statement of the amount of his taxes; that the Sheriff sent him a statement which did not include said 44 cents for tax on personal property; that he paid the amount so stated by the Sheriff before the election; that

he did not know the amount of said personal tax then, nor until after he was elected, but would have paid it with the realty tax had he known what it was.

Plaintiffs in error contend that Hamilton and Grogan were disqualified to hold the office and rely upon the provisions of paragraphs 34 and 192 of Chap. 24, R. S. Paragraph 34 declares that "no person shall be eligible to the office of Alderman unless * * * nor shall be eligible if he is in arrears in the payment of any tax or liability due the city." * * * Paragraph 192, relating to villages, provides for the election and powers of Trustees, and after declaring that the village corporation shall have the powers in said act conferred upon cities of 5,000 inhabitants, except as therein otherwise expressly provided, concludes in these words: "And wherever the words 'City Council' or 'Mayor' occur in this act, the same shall be held to apply to the Trustees and President of such village, so far as the same may be applicable."

It may be well doubted whether this clause has the effect and meaning contended for. The paragraph 192 is devoted to the matter of providing for the creation of the office of Trustee, stating the powers and duties attached thereto and the functions of the village corporation. In thus providing for the creation and powers of the corporation, it is declared that the words "City Council" and "Mayor," wherever occurring, shall be held to apply to the Trustees and President.

From the connection it would seem naturally that the only purpose was to confer power, and state or limit the same, upon the corporate officials named. Had it been designed to fix or prescribe the qualifications of the persons who were to hold the offices, different and more appropriate terms would have been employed. It would be a strained and unnatural construction to give this provision the force and effect suggested by counsel, and when the result would be to impose a restriction upon the right of the people to select and of the citizen to serve, we are very strongly inclined to hold otherwise.

But admitting, for the sake of argument, that the construction contended for is sound, we think the ruling of the Circuit Court may be sustained upon other grounds. Hamilton paid

his tax before he assumed the office. The provision of paragraph 34 is that no person shall be eligible to the office who is in arrears, etc.

Webster, in defining the term eligible, says: "Legally qualified—as eligible to office." The provision here is with regard to eligibility to office. In the case of State v. Murray, 28 Wis. 96, this distinction is recognized, the court observing that "the term 'ineligible' means as well a disqualification to hold an office as disqualification to be elected to an office." In that case the point presented was whether one who was an alien, when elected Sheriff, could, by removing the disqualification before the term began, fit himself to hold the office. It was decided he could.

There was no provision of statute or constitution on the subject, but it had been held to be the law of the State that none but electors could hold office, and it was, in the case cited, declared that this disqualification related merely to the holding of the office and not to the election. The doctrine was adhered to in State v. Trumpf, 50 Wis. 103; McCrary on Elections, 2d Ed. 232; Privett v. Beckford, 26 Kan. 52. Referring again to paragraph 34, it will be seen that this distinction seems to have been in view when the paragraph was drawn. It provides that "no person shall be eligible to the office of Alderman unless he is a qualified elector and resident in the ward for which he is elected, nor shall he be eligible if in arrears for any tax or other liability * * * nor if he shall have been convicted of malfeasance, etc.; nor shall he be eligible to any office, the salary of which is payable out of the city treasury, if, at the time of his appointment, he shall be a member of the City Council."

We are satisfied that if the paragraph is applicable to the case of Village Trustees the disqualification is as to the office and not the election—that the payment of the tax before assuming the office met the requirement of the law and therefore that as to Hamilton the plea disclosed a perfect defense. As to Grogan it may be said that according to the true interest and spirit of the law he was not in arrears.

The object of the provision was to exclude those who were

really and substantially debtors to the corporation, it being supposed that such persons could not safely be trusted to administer the municipal affairs. It would be unwise and dangerous to public interests that those who are indebted to the city should control its finances, and this would be especially so in large cities where the transactions are numerous and important and where the details of public affairs are not so well understood by the people generally as in smaller corporations. This was the evil sought to be avoided. It was never intended that the accidental omission to pay the trifling sum of less than a half dollar, where there had been an honest intent and effort to pay all that was due, should exclude a citizen who was the choice of the people from holding the position to which he was elected. Such a case is not within the spirit and hardly within the letter of the law.

Grogan had requested a statement of his taxes from the proper officer who was charged with the collection thereof. The statement was furnished and the sum called for was paid. The amount omitted would have been paid if included in the statement.

That it was not, was through the fault of the officer and not of the taxpayer, and while this did not release the tax, there was no such arrearage as was meant by the provision in question.

It is suggested that the maxim "*de minimis non curat lex*" is applicable. It is familiar that in proceedings by *quo warranto* the court may, in the exercise of a sound legal discretion, refuse leave to file the information. People v. Waite 70 Ill. 25; People v. Moore, 73 Ill. 132; People v. N. Chi. Ry. Co., 88 Ill. 537; Dillon on Municipal Corp., Vol. 2, Sec. 722.

Had the facts disclosed by this plea appeared upon the face of the information the court would have been justified in refusing permission to file it. When it appears that the writ was improvidently issued the court may well decline to grant the relief sought.

The issue of the writ does not end the discretion of the court and if the case made by the pleadings is such that leave

to file would have been refused in the first instance the court may decline proceeding to judgment.    Commonwealth v. Cheely, 56 Pa. St. 270.

In the view we have taken it is not deemed necessary to consider the point made by defendants in error, that as the Board of Trustees may judge of the election and qualification of its own members, the remedy by *quo warranto* is abrogated.

The Supreme Court intimated adversely to this position in Linegar v. Rittenhouse, 94 Ill. 208, and so it has been recently decided by the Appellate Court of the Fourth District in the case of People ex rel., etc., v. Bird, 20 Ill. App. 568.

Upon the whole case we are satisfied with the ruling of the Circuit Court and the judgment will therefore be affirmed.

*Judgment affirmed.*