# THE PEOPLE OF THE STATE OF ILLINOIS

## V.

# THE COMMISSIONERS OF THE WILD CAT SPECIAL DRAINAGE DISTRICT.

*Drainage—Formation of District*—Quo Warranto—*Insufficient Petition—Discretion of Court—Abatement—Demurrer.*

1. Where the various steps for the organization of a drainage district are taken in conformity with the statute, the finding of the court binds all who might have objected thereto.

2. Upon a contention that the petition was not signed by a sufficient number of persons to comply with the statute, it appearing that the signature which professed to carry with it the bulk of the lands which lay within the bounds of the proposed district, was that of a corporation, it is *held:* That the right of such corporation to hold real estate can not be inquired into in a proceeding of this character.

3. The court may decline to proceed with an inquiry in the nature of a *quo warranto*, when it appears that the interests involved are of a private character.

4. The proceeding may be abated upon demurrer in the discretion of the court, when the pleadings disclose a state of facts that would have warranted a refusal for leave to file in the first instance.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. R. C. WRIGHT and RAY & SLAUSON, for appellant.

Mr. FRANCIS M. WRIGHT, for appellee.

The case as presented to the court below upon the demurrer strongly appealed to its discretion, and it was mainly upon this view that it was disposed of—that the discretion exercised in granting leave to file the information and subsequently to amend it several times, had then, as appeared from the facts as disclosed by the pleadings, been exhausted and abused.

It is familiar that in proceedings by *quo warranto* the court may, in the exercise of a sound legal discretion, refuse leave to file the information. People v. Hamilton, 24 Ill. App. 609, and cases there cited.

In People v. Hamilton, *supra*, the language of the court is perfectly applicable to the case at bar: "Had the facts disclosed by this plea appeared upon the face of the information the court would have been justified in refusing permission to file it. When it appears that the writ was improvidently issued the court may well decline to grant the relief sought.

"The issue of the writ does not end the discretion of the court, and if the case made by the pleadings is such that leave to file would have been refused in the first instance the court may decline proceeding to judgment. Commonwealth v. Cheely, 56 Pa. St. 270."

This was the view held in the court below, and had the same facts appeared on the face of the information as appeared in the pleadings when the demurrer to the replications was heard, the learned judge in the court below would have refused permission to file it; and his discretion not having ended, upon the authority of People v. Hamilton, *supra*, the court exercised that discretion, and declined proceeding further.

The People v. Drainage Commissioners.

By the plea it is shown that every step required by the statute to give the County Court jurisdiction had been taken; its findings were regular in all respects and the organization of the district duly declared. The only answer to all this was that the Illinois Agricultural Company was an illegal corporation and could not hold title to lands, and that said lands did not need a system of combined drainage anyhow.

Who owned the lands if not the Illinois Agricultural Company? The pleadings are silent. Why does it not own the lands? Because it is said the corporation is illegal and can not. Such a question can not be raised in this case. It could only be raised by a direct proceeding against the Illinois Agricultural Company in the nature of *quo warranto*, or in a suit between it and the person claiming the legal title. If this corporation is not capable of holding a legal title to land, it does not follow that it is not the owner of it in the sense of the statute as regards the organization of a drainage district. It is not contended another owns the land—only the corporation is incapable of holding the legal title. If it has the possession, control and the enjoyment of the rents and profits, with no other person or persons adversely claiming these emblements of ownership—not even the title itself, then is not the corporation illegal, though it may be in its purpose of existence the owner, both in law and equity, for the purpose of organizing a drainage district, or must the court first try the legal title of all the owners as in an ejectment suit?

The question endeavored to be raised by the counsel for the people, that the Illinois Agricultural Company could not acquire title to lands because of its supposed legal disqualification, does not, and can not arise in a collateral proceeding like the case at bar, because the title will vest in the corporation, and the question as to whether the corporation has exceeded its power may be raised only by the State or a stockholder, in a direct proceeding against it. Hough v. Cook County Land Co., 73 Ill. 23; Alexander v. Tolleston Club, 110 Ill. 65; Barnes v. Suddard, 117 Ill. 237.

WALL, P. J. This was a proceeding by information in the nature of *quo warranto* to test the validity of the organization

of the Wild Cat Special Drainage District of Champaign County.

The plea averred that a petition was presented in proper form, signed by the Illinois Agricultural Company and B. J. Gifford, owning a major part of the land and constituting more than one-third of the owners of the land in the proposed district; that due notice of a hearing was given, which was attended by the petitioners, and by Helen M. Truitt, who owned all the land in the proposed district not owned by petitioners, that the court upon the hearing found in favor of the petitioners, and appointed commissioners and fixed a time for hearing their report, and for completing the organization of the district; that at the time fixed the parties all appeared, and the court upon consideration found that a combined system of drainage was necessary, and an order was made declaring the district duly organized and appointing permanent commissioners. The proceedings set up by the plea are conceded to be regular. To this plea three replications were filed: first, that the petition was not signed by the number of land owners required by law, that the Illinois Agricultural Company was not the legal owner of any lands in said district, and that, except Gifford, the signers of the petition were not land owners; second, that the Illinois Agricultural Company did not legally own any land in the district, that said pretended corporation was not organized according to law and had acquired no right to the land; third, that the lands in said district did not require combined drainage, and were sufficiently drained before the filing of said petition. A demurrer was sustained to these replications and judgment was entered for defendant from which an appeal is prosecuted to this court.

The filing of a proper petition gave the County Court jurisdiction of the subject-matter, and the posting, publishing and mailing of notices in the manner required by the statute, gave the court jurisdiction of the persons of the owners of the lands. Hence, whatever it was authorized to find upon the hearing must be binding upon all who might have interposed objections to the organization of the district.

Whether the corporate powers of the Illinois Agricultural

Company included the right to own lands can not be inquired of collaterally.

The matters set up in the replications, as to whether the petition was signed by the proper number of land owners and whether the district required the system of drainage prayed for, were within the scope of inquiry confided by law to the County Court.

*Quo warranto* is an appropriate remedy only in those cases where the public have, in theory at least, some interest in the controversy. High on Ex. Rem., Sec. 620. It may well be doubted whether, in the present case, any public interest appears. While in form the proceeding is in behalf of the people to test the right to exercise a corporate franchise, yet in fact, the interests involved are mainly private, if not wholly so. The court may decline to proceed with the inquiry when such an aspect is disclosed. The issuing of the writ does not end the discretion of the court, and if the case made by the pleadings is such that leave to file would have been refused in the first instance the court may abate the proceeding. This may be accomplished by demurrer. The People v. Hamilton, 24 Ill. App. 609.

The demurrer was properly sustained and the judgment will be affirmed.

*Judgment affirmed.*