## James M. Latham v. The People, ex rel.

1. CONTESTING ELECTIONS—*Decision of Council Conclusive upon the Contestants but Not upon the People.*—A city council has exclusive jurisdiction in a contest between two persons for the office of alderman, and its decision is conclusive upon the contestants themselves, but is ineffective to conclude the people in their sovereign capacity to call in question, by proceedings in the nature of quo warranto, the right of the successful contestant to hold such office.

2. SAME—*Successful Contestant Must Show Clear Title.*—Whenever the right to such office is challenged by proceedings in the nature of quo warranto by the people in their sovereign capacity, the successful incumbent must show a clear title by election.

3. PLEADINGS—*Election Contest—When an Issue of Fact is Made.*—In an election contest, where the defendant received a majority of the legal votes and his plea so alleges, an issue of fact should be made and tried.

Latham v. The People.

Quo Warranto Proceedings.—Appeal from the Circuit Court of Mc-Lean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded with directions. Opinion filed February 28, 1901. Rehearing denied June 4, 1901.

WELTY & STERLING and SHELTON L. SMITH, attorneys for appellant.

R. L. FLEMING, State's Attorney, for the People; JOHN E. & MAYNE POLLOCK and J. M. WEAKLY, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Information in the nature of a quo warranto by appellee against appellant to oust him from office of alderman of the second ward in the city of Lexington.

Several pleas were filed to the information, setting up in various forms that at the election appellant and Preble, the relator, were voted for as aldermen, and the judges of the election returned the vote to the effect that appellant received sixty-five votes and Preble sixty-eight votes, after which appellant filed before the city council his petition to contest the election of relator, and that the city council afterward declared that appellant was elected to the office of alderman from the second ward, and he thereupon was duly sworn and took the office. Demurrer was, by the court, sustained to these pleas. By leave of the court two additional pleas were filed in which the same matter, in substance, was stated, with the additional averment that appellant received a majority of the legal votes cast at the election, to which the court also sustained a demurrer, and appellant abiding by the pleas, final judgment of ouster was given against him. to reverse which he brings this appeal, and to effect such reversal argues the ruling of the court upon the demurrers to the pleas as error. Counsel for appellant in their brief and argument raise but two questions: (1) whether the finding of the city council that appellant was duly elected alderman is conclusive, and (2) the appellant, as the pleas aver, having received a majority of all the legal votes cast at the election, whether an issue

should have been made on that fact, and determined by trial.

In a contest between two persons for the office of alderman, the city council has exclusive jurisdiction, and its decision is conclusive upon the contestants as between themselves, but is ineffective to conclude the people in their sovereign capacity to call in question by proceedings in the nature of quo warranto the right of the successful contestant to hold such office. Whenever the right to such office is challenged by proceedings like those here instituted, the incumbent must show a clear title by election. Patterson v. People, 65 Ill. App. 651, and cases cited. The additional pleas, to which the court sustained the demurrer, contained the averment that appellant, at the election in question, received a majority of the legal votes cast, which, if true, and the demurrer admits it, gave appellant good title to the office. The pleas at least presented a material issue of fact to be determined by trial, and it was error to sustain the demurrer. It is no answer to say the pleas contained other matter, not constituting a defense, for the demurrer admitted all that was well pleaded; and as we have already said, if appellant received a majority of all the legal votes cast at the election, he was thereby given a good title to the office, and this was a sufficient answer to the information.

For the error of the Circuit Court in sustaining the demurrer to the additional pleas, the judgment of that court will be reversed and the cause remanded with directions to overrule the demurrer, and for other proceedings not inconsistent with the views herein expressed. Reversed and remanded.