## Edward E. Garms v. The People ex rel.

1. QUO WARRANTO—*Practice in.*—Where an information is filed in a quo warranto proceeding, no proof or evidence is necessary to support it, but the duty is thrown upon the party whose right to exercise certain functions is questioned, to show perfect lawful authority for holding and exercising them.

2. SAME—*Right Belongs to People.*—The right to inquire into the authority by which any person assumes to exercise the functions of a

public office or franchise belongs to the people, as a part of their sovereignty.

3. CITY COUNCIL—*Has Exclusive Jurisdiction in Contests Between Candidates for Membership.*—A city council has exclusive jurisdiction in a contest between two persons for the office of alderman; and its decision is conclusive upon the contestants themselves, but is ineffective to conclude the people in their sovereign capacity to call in question, by proceedings in the nature of quo warranto, the right of the successful contestant to hold such office.

4. ELECTIONS—*Ballots Best Evidence of Result, When.*—Ballots are the best evidence of the result of an election if they have been preserved in the manner and by the officers prescribed by the statute, and have not been so exposed to the reach of unauthorized persons as to raise a probability of their having been tampered with.

5. PRACTICE—*Where Parties Waive a Jury.*—Where the parties waive a jury, and the cause is tried by the court, sitting as a jury, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury, and the same force and effect will be given to the finding of a judge as to the verdict of a jury.

Quo Warranto.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

E. S. SMITH, attorney for appellant.

Even where the ballots have not been properly preserved, yet the tally sheets and poll lists are not conclusive evidence of the result where the carelessness of the judges and clerks in the performance of their duties has been such as to discredit the returns. Catron v. Craw, 164 Ill. 20; Dooley v. Van Hohenstein, 170 Ill. 630.

Ballots are admissible in evidence though there were irregularities and a plain violation of duty on the part of the election officers, there having been no fraud. Blankinship v. Israel, 132 Ill. 514.

Where the ballots have been preserved according to law and not exposed to alteration by unauthorized persons, they are, in case of a contest, regarded as better evidence of the number of votes cast than the count made by the judges of election. Beall v. Albert, 159 Ill. 127; Apple v. Barcroft, 158 Ill. 649; Catron v. Craw, 164 Ill. 20; Perkins v. Bertrand, 192 Ill. 58.

Garms v. The People.

The ballots shall be regarded as the better evidence, although they were kept in an unlocked drawer after being strung and sealed, it appearing that the seals had not been broken and the ballots had not been disturbed.    Apple v. Barcroft, 158 Ill. 649.

ALBERT SÀLZENSTEIN and JOHN C. SNIGG, attorneys for appellee; W. E. SHUTT, Jr., state's attorney, of counsel.

The circuit courts in this state have jurisdiction in *quo warranto* proceedings to oust a party, notwithstanding the fact that in an election contest before a city council, which by law is the judge of the qualifications of its own members, he has been declared elected and entitled to the office. Patterson v. The People, 65 Ill. App. 651; Latham v. The People, 95 Id. 529; Snowball v. The People, 147 Ill. 260; People ex rel. v. Hall, 80 N. Y. 117; Commonwealth v. Allen, 70 Pa. St. 465; State v. Kempf, 69 Wis. 470; People v. Bingham, 22 Pacific Rep. 1039; State v. O'Brien, 47 Ohio St. 464; Buckman v. State, 34 Florida, 48.

In a *quo warranto* proceeding the people are not required to show anything.    It devolves upon the defendant, if he justifies, to show good authority for exercising the functions of his office.    People v. Keechler, 194 Ill. 238; Catlett v. The People, 151 Id. 16; Carrico v. The People, 123 Id. 198; Holden v. The People, 90 Id. 434; Clark v. The People, 15 Id. 213.

"The defendant must show a valid title."    "A defective title is, in contemplation of law, the same as no title whatever."    Place v. The People, 192 Ill. 160–164; Gunterman v. The People, 138 Id. 518.

Before the ballots can overcome the returns of the election officers it must be shown that the latter are inaccurate, and that the former have been properly preserved, and there has been no undue exposure.    Where the evidence is such as to discredit to some extent both, the question is one of fact to be determined by all the evidence.    Collier v. Anlicker, 189 Ill. 34–38; Perkins v. Bertrand, 192 Id. 58.

Nor does the mere fact that the ballots are permitted to be recounted preclude all inquiry as to whether they are

really the ballots cast, or that there has been some change made in them. Kreitz v. Behrensmeyer, 125 Ill. 141–173; Rhode v. Steinmetz, 25 Colo. 308.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a proceeding in *quo warranto*, challenging the right of appellant to hold and exercise the office of alderman of the city of Springfield. Upon final hearing the trial court found that appellant had unlawfully usurped and was unlawfully holding and exercising said office, and rendered judgment of ouster against him.

Appellee was not, in the first instance, required to support the information by evidence or proof. In the filing of the information, the state challenged appellant's right, and threw upon him the duty and burden of showing perfect lawful authority for holding and exercising the functions of the office in question.

Appellant undertakes to establish by plea and proof, that he was duly elected and qualified to the office. He sets up in his plea that at a regular election, he and another were candidates of their respective parties for alderman from the third ward of the city of Springfield; that the city council canvassed the returns of the election and declared his opponent elected; that thereupon he gave notice that he would contest the election and pray a recount of the ballots; that the city council took cognizance of the contest and recounted the ballots and declared appellant elected and that he thereupon qualified and entered upon the exercise of the functions of the office.

With the exception of some irregularities which, with our view of the case, we do not deem it necessary to discuss, the evidence shows proceedings of the city council substantially as pleaded.

Counsel for appellant contends that this presents a state of case over which the trial court had no jurisdiction. He insists that there having been a contest before the city council, the action of that body is final and conclusive. This position would be sound as between the parties to the

contest, but the proceeding here is not between the parties to the contest.

"The right to inquire into the authority by which any person assumes to exercise the functions of a public office or franchise belongs to the people, as a part of their sovereignty." Snowball v. The People ex rel., 147 Ill. 260.

"A city council has exclusive jurisdiction in a contest between two persons for the office of alderman; and its decision is conclusive upon the contestants themselves, but is ineffective to conclude the people in their sovereign capacity to call in question, by proceedings in the nature of *quo warranto*, the right of the successful contestant to hold such office." "Whenever the right to such office is challenged by proceedings in the nature of *quo warranto* by the people in their sovereign capacity, the successful incumbent must show a clear title by election." Latham v. The People ex rel., 95 Ill. App. 528.

In this proceeding, neither the result as shown by the tally sheets, nor the result as shown by the recount, is final or conclusive. The question as to whether appellant actually received the requisite number of votes to elect him, is one of fact to be determined from all the evidence and facts and circumstances properly in evidence, and is the only remaining question in this case of sufficient importance to call for discussion.

As evidenced by the returns shown on the tally sheets which were most amply and fully supported and sustained by the concurrent testimony of the election officers and party challengers of both parties, appellant received 661 votes and his opponent received 667 votes. By the recount in the city council, when it had the contest under consideration, it appeared that appellant had 668 votes and his opponent 659.

Appellant's counsel contend that the recount of the original ballots is the best evidence and should prevail over the election returns. This is true where the original ballots have been properly preserved, but only in such case.

"Ballots are the best evidence of the result of an election if they have been preserved in the manner and by the officers prescribed by the statute, and have not been so

exposed to the reach of unauthorized persons as to raise a probability of their having been tampered with." " Whether ballots have been properly preserved is a question of fact to be determined from all the circumstances proven." Perkins v. Bertrand, 192 Ill. 58; Collier v. Anlicker, 189 Ill. 34.

The evidence shows that on the night of the day of the election, the ballots were strung, placed in a bag, sealed with wax, placed in a box which was locked and taken to a room in the city building, somewhat remote from the city clerk's office and out of sight or hearing of the same, and that the door to this room was locked; that this room had one door and three windows, and that at least seven persons and probably more had keys to the door; that the box containing the ballots was left unguarded in this room, until four o'clock on the afternoon of the next day.

There is some testimony tending to show that the seal on one of the bags containing some of the ballots, at the time of the recount, was not the same size as the one placed on it by the election officers. Testimony was heard *pro* and *con* as to whether the mark appearing in the square opposite the name of appellant on each of certain nine ballots in evidence, was probably made at the same time, by the same person, with the same pencils, or by nine separate persons, as would usually be the case if they were the original ballots unchanged; and also as to whether these nine ballots were found together on one part of the string, or were selected from the whole lot.

Whatever view we might feel disposed to take as to the weight of this evidence, as an original proposition, it is quite apparent that it is not sufficiently conclusive to place appellant's right to the office out of the domain of dispute. It can not be held as matter of law that under these circumstances the result of the recount must be held to overthrow the returns of the election officers, supported, as the returns in this case are, by the concurrent testimony of all who had anything to do with them. The evidence presents a contested issue of fact to be determined by the trial court, not from a part of the evidence but from all the evidence and all the facts and circumstances in evidence.

" Where the parties waive a jury and the cause is tried by the court sitting as a jury (as was done in this case) the court stands in the place of the jury and the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury, and the same force and effect will be given to the finding of a judge as to the verdict of a jury." Field v. C. & R. I. R. R. Co., 71 Ill. 458.

We find no error in the record in this case that warrants a reversal, therefore the judgment of the Circuit Court is affirmed.