DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1907.

---

### H. R. Heimberger, Administrator, v. C. E. Chamberlin.

1. AMENDMENT—*how long power to authorize, continues.* During the continuance of the term the record of the court remains in the breast of the judge and that record or any order or decree may be amended, altered, revised or revoked if done before the final termination of the term.

2. AMENDMENT—*when application for, deemed to have been made during the term.* Nothing appearing to the contrary, it will be presumed that an application to amend an order was made during the term of entry.

3. ADMINISTRATOR—*when removal may be made for other than statutory causes.* Notwithstanding the statute specifies certain grounds which justify and authorize the removal of an administrator, yet an administrator may be removed for an unspecified ground, namely, error in appointment.

Petition for removal of administrator, etc. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded. Opinion filed March 15, 1907. Rehearing denied September 5, 1907.

H. R. HEIMBERGER, for appellant.

BARTHEL and KLINGEL, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

The parties in this case agree to the following statement of facts:

(615)

"On November 23, 1905, one Chris. Rathlein died intestate in the city of Belleville, St. Clair county, Illinois, possessed of no real estate, and personal property worth about $1,700. At his death said Rathlein left no widow surviving, and no child or children, and no father, mother, brothers or sisters, who were then *bona fide* residents of this State.

"Dr. Ed. M. Irwin of Belleville, Illinois, was a creditor of said estate to the amount of $15, and as such creditor petitioned the Probate Court for letters of administration on said estate; November 27, 1905, and in his said petition nominated C. E. Chamberlin, the appellee, administrator of said estate. Letters of administration were duly granted to the appellee upon the petition aforesaid, by the Probate Court, on said 27th day of November, 1905. On November 28, 1905, the appellant, H. R. Heimberger, public administrator of said county, presented his petition in the Probate Court, praying for his appointment as administrator of said estate, under the statute, and for the removal of the appellee. A hearing was had in said court on the petition of the appellant December 11, 1905, and the court, on December 16, 1905, ordered that letters on said estate issue to appellant in his official capacity as public administrator, and that appellee be removed as administrator, and his letters, previously issued, revoked. From this order of the Probate Court, appellee appealed to the Circuit Court of St. Clair county. A hearing on said appeal was had in the Circuit Court at the January term, 1906, thereof, and the cause continued to the April term, and, on the 20th day of June, 1908, the court found for the appellee and denied the petition of appellant to remove appellee as administrator of said estate. From said order and judgment of the Circuit Court appellant appeals to this court."

The only question to determine is, whether or not the Probate Court of St. Clair county had the power and could legally make the order of December 11, 1905, by which the order of November 27, 1905, appointing appellee administrator of the estate of Chris.

Rathlein, deceased, was vacated and set aside. Under the statute, administration of the estate should have been granted to appellant, the public administrator, instead of to appellee, as was done by the order of November 27th. This construction of the statute is conceded in argument by appellee's counsel. The order of November 27th was therefore an erroneous order, which should not have been made. The appointment of appellee was contrary to the expressed requirements of the statute. In that sense it was illegal, voidable, to say the least, an error subject to correction by the court of its own motion or upon the timely application of appellant or other person whose interests were affected. It is the theory of the law, a familiar rule in practice, established by the decisions beyond question, that during the continuance of the term the record of the court remains in the breast of the judge, and that the record, or any order or decree may be amended altered, revised or revoked if done before final adjournment of the term. Stahl et al. v. Webster et al., 11 Ill. 511; Edwards v. Irons, 73 Ill. 585; Hansen v. Schlesinger, 125 Ill. 230. In reason and authority, this rule is no less applicable to probate courts than to other common law courts. 11 Cyc. 799. I Woerner Am. Law of Adm., sec. 146; Scott v. Thomas, 1 Scam. 58. The record, orders and decrees made during the term are not final, that is, beyond the power of the court to change, correct or revoke them, until the final adjournment of the term. Whether the appointment of an administrator is to be regarded as a judicial act or the exercise, by the judge, of a purely ministerial function, under the foregoing rule the power to revise or revoke is not lost. That the application of appellant to revoke the order appointing appellee was made during the term may not be questioned on this record. Nothing appearing to the contrary it will be so presumed. The terms of the Probate Court commence on the third Monday of each month, and "shall be always open for the granting

of letters testamentary, letters of administration and guardianship, and for the transaction of probate business, and all other matters of which it has jurisdiction." Under the provisions of the statute above quoted, it would seem that the legislature has extended, rather than limited, the time within which a probate court may exercise supervising power over its orders in making appointment of administrators. It is not necessary, however, to so decide in this case and we therefore express no opinion, and apply the rule which limits the court to action during the statutory term.  The contention of appellee, that in the absence of statutory authority, the court had no power to remove him, once he had been appointed and qualified, is fully met by the statement, that the court in revising its record during the term, acts within the general powers conferred upon all courts established by law, and therefore what is done in that regard may be held as without specific authority.  A number of causes for which an administrator may be removed and his letters revoked, and the mode of procedure by which this may be done, are found in the statute cited by appellee's counsel in support of his contention. These provisions of the statute, and the decisions cited by appellee, must be held to apply only in cases where the order of appointment is beyond recall by the court and not within its incidental power to revise and revoke all orders made during the term.  There is nothing in the statute to indicate a purpose to so limit the powers of a probate court that an order, however erroneous or whatever the mistake of facts which occasioned it, should be final and irrevocable from the moment it is made, and not to be corrected, except by formal proceedings, and then only upon grounds specified by the statute.  With such interpretation there is no remedy, in this nor in any other like case, when the appointment is of a person not authorized by law to receive such appointment. We are therefore of opinion that the Probate Court acted within

its power in revoking the order by which appellee was appointed and in making the order granting the administration to appellant as public administrator. The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*