## The People, ex rel., Appellant, v. F. M. Alexander et al., Appellees.

1. QUO WARRANTO—*when order granting leave to file information may be set aside.* At any time during the term of entry the court granting leave to file an information has discretionary power to set it aside.

2. QUO WARRANTO—*when proceeding does not lie.* Quo warranto does not lie to establish and determine merely private rights and interests.

*Quo warranto.* Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910. Rehearing denied and opinion slightly modified June 16, 1911.

JOHN H. LEWMAN, RALPH B. HOLMES and REARICK & MEEKS, for appellant.

GEORGE G. MABIN and W. B. MORRIS, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

At the January term 1909, of the circuit court of Vermilion county, the state's attorney of said county upon the relation of T. Wes. Blakney, petitioned the court for leave to file an information in the nature of a *quo warranto* in the

matter of The People of the State of Illinois v. F. M. Alexander, Frank Downing, L. L. Ellsworth, James P. Cook and J. T. O'Neal. The petition alleges in substance that the Church of Christ of Brooks Point was organized and became incorporated in 1876; that a church building was erected by said organization on a parcel of land deeded to it by the relator and his wife, and that religious services were regularly held by said organization in said building for many years; that the relator served as a trustee of said organization until its abandonment and dissolution by nonuser in November 1902; that by a condition in the deed to said premises the same reverted to the relator who after a period of many months re-entered thereon and sold the same to the trustees of schools of town 18, north, ranges 10 and 11 west in Vermilion county; that on April 20, 1908, certain persons, including the respondents, representing themselves to be members of said organization elected trustees and in the name of said organization instituted a suit in ejectment against said school trustees to recover possession of said premises; that the respondents are not legal trustees of said organization and that their action in the premises is wholly void. Upon the filing of said petition the court entered an order granting leave to file an information in the nature of *quo warranto* and directed that summons be issued. Information was filed in pursuance of the leave so granted and thereafter at the same term the respondents entered their motion to vacate the order theretofore entered granting leave to file said information and for the issuance of summons, upon the grounds among others, that the court was under misapprehension of material facts when said order was entered; that said order was improvidently entered; that the proceeding therefor was *ex parte;* that the proceedings sought to be affected are still *in fieri;* that the proceeding is wholly designed to serve a private end and that the process of the court has been and is being abused in the prosecution. Upon a consideration of said motion and of the affidavits filed in support thereof and in opposition thereto it was ordered by the court that leave to file said information be set aside and vacated, and judgment was there-

upon entered that the respondents go hence without day and that the relator pay the costs of the proceeding. This appeal is prosecuted to reverse said judgment.

Counsel for appellant state that the question involved upon this appeal is whether or not after leave had once been given to file the information, and after summons had been issued and returned, the trial court was justified in refusing summarily to proceed further, and upon motion, under the showing made by affidavits, to set aside and vacate the leave to file said information.

The rule is well established that the court has the discretionary power at any time during the term at which an order has been entered, whether it be interlocutory or final, to vacate or set aside the same for the reason that it was inadvertently or improvidently entered, or that it was entered upon a misapprehension of the facts, or for any cause which may be necessary to promote justice. C. & A. R. R. Co. v. Harrington, 192 Ill. 9; Weinberg v. Noonan, 193 Ill. 165; Kreiger v. Kreiger, 221 Ill. 479; Heimberger v. Chamberlin, 135 Ill. App. 615.

It is insisted on behalf of appellant that when in the case at bar the court had allowed the information to be filed and ordered the summons to be issued its discretionary powers were exhausted and the issues of fact and of law presented by the pleadings must then have been tried and determined in accordance with the rules of law, in the same manner and with the same degree of strictness, as in ordinary cases, and the case of The People v. Golden Rule, 114 Ill. 34, is cited in support of such insistence. The case cited in substance so states the rule, but it is further there said: "It is not denied that if the order to issue summons had been made under a misapprehension of some fact material to be known by the court before making such order, and but for which it would not have been made, it would have been competent for the court to vacate the order at any time during the term." We have no doubt that where the material facts which move the court to grant leave to file an information in the nature of *quo warranto* are in dispute the court is bound to proceed

to a hearing and final determination, as was held in Attorney General v. C. & E. R. R. Co., 112 Ill. 520, but where material facts are not in dispute, and are insufficient to authorize the granting of a petition to proceed by way of information in the nature of *quo warranto,* and the leave to file such information is entered inadvertently, or improvidently, or upon a misapprehension of the facts, we think the court, at the same term at which such leave was granted, has the discretionary power to set aside and vacate the order granting such leave. People v. L. E. R. R. Co., 54 Ill. App. 348; People v. Drainage Commissioners, 31 Ill. App. 219; People v. Hamilton, 24 Ill. App. 609.

In the case at bar it is undisputed by the relator that he forcibly barred the entrance to the church building for the purpose of preventing the respondents and others from worshiping in the church building, and that in furtherance of that purpose he conveyed the premises to the trustees of schools to be used for school purposes. It is well established that proceedings in *quo warranto* will not lie to establish and determine merely private rights and interests. It is clear from the uncontroverted facts in this case that this proceeding is instituted for the sole purpose of determining whether or not the premises conveyed by the relator for church purposes had reverted to him by the term of his deed, and as the proceeding only involves the private and personal rights of the relator in that particular, the court was fully justified in setting aside and vacating the order in question, and its judgment entered in said proceeding should be and is affirmed.

*Affirmed.*