**The People of the State of Illinois ex rel. Thomas M. Frazier, Appellee, v. C. H. Altenberg, Appellant.**

### Gen. No. 5,748.

QUO WARRANTO—*when may be brought to oust alderman seated by city council.* Where the city council, which is the judge of the election and qualification of its own members under the general act for the incorporation of cities, decides that a certain candidate for alderman was successful any citizen, not a candidate, may bring quo warranto to oust the member whom the council has seated.

Appeal from the Circuit Court of DeKalb county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

CLIFFE & CLIFFE, for appellant.

E. M. BURST and H. S. EARLEY, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellant, Kline Shipman, and F. W. Duval were the candidates for alderman of the third ward at the annual city election held in the city of Genoa on April 16, 1912. There were no other names on the election ticket except for alderman. Beneath the vote for alderman was a question submitted concerning anti-saloon territory. Shipman's name was under the appellation, citizens ticket, and Altenberg's was under the appellation, citizens ticket by petition. The judges of election counted forty-five votes for Altenberg and forty-five for Shipman, and apparently the other candidate had a less number of votes. When the returns were canvassed by the city council they announced and decided the tie and Shipman was declared successful and was seated as alderman. Thereupon appellant filed with the city clerk a petition for a contest making Shipman a defendant, and summons was issued and the contest heard at the regular meeting of the city council, and the city council rejected two ballots that had been counted for Shipman, and declared appellant elected, and he took office and entered upon his duties as alderman. Thereupon the State's Attorney, by leave of court, filed in the name of the People on relation of one Frazier, a citizen and legal voter of said third ward, a petition for a writ of quo warranto against appellant requiring him to show by what right he held the office of alderman of the third ward. Appellant filed three pleas, the first and third alleging his election and qualification for the office; the second set

out in detail the result of the election, the result of the canvass by the city council, the existence of the tie, the seating of Shipman, the contest by appellant, the determination of said contest in favor of appellant, and his qualification and seating in office. Replications were filed and the case tried before the court without a jury, and appellant was held to have usurped the office, and there was a judgment of ouster against him. After the refusal of the court to hold certain propositions of law submitted by appellant Altenberg appealed, and two questions are raised in this court.

The city of Genoa is organized under the general act for the incorporation of cities. That act provides that the city council shall be the judge of the election and qualification of their own members. The city council exercised that function and decided in favor of appellant after rejecting two ballots which had been counted previously for Shipman. The two questions are, (1) is the decision of the city council on the contest final, or may any citizen afterward bring quo warranto proceedings to oust the member whom the city council have seated; and (2) if the Circuit Court has jurisdiction were the two ballots above mentioned, properly counted by it for Shipman.

The decisions of the Supreme Court on the question of jurisdiction are not at all conclusive. The case of Linegar v. Rittenhouse, 94 Ill. 210, intimates that the decision of the city council does not deprive the Circuit Court of jurisdiction by quo warranto.

The case of Keating v. Stack, 116 Ill. 191, was a suit in chancery to contest the election, brought by the defeated candidate against the successful candidate. It is clear equity has no jurisdiction to contest an election, and it is also clear that the proceeding in the city council is final as between the contesting candidates. The question now before the court is not whether the contesting candidates can contest an election by quo warranto, but whether the public in its sovereign capacity can oust the one in fact not lawfully elected.

This proceeding being in the interest of the public (that is the relator not being one of the candidates) and this court not now touching on the provision of the law by virtue of which the city council is made the judges, of the election and qualification of its own members, but rather to show the policy of the law in quo warranto proceedings, the following cases from the Supreme Court of this state are cited. Snowball v. People, 147 Ill. 260, was a quo warranto proceeding to try the title of the appellant therein to the office of member of the board of education. It is said in that case: "The true view to take of the subject is, that the proceeding by quo warranto is not strictly an election contest between two persons claiming the same office. * * * Because the statute provides a mode of contesting elections in the County Court, it does not follow that the people, in their sovereign capacity, are thereby precluded from inquiring by information in the nature of quo warranto into the usurpations of office. The two remedies are distinct, the one belonging to the elector in his individual capacity as a power granted, and the other to the people in the right of their sovereignty. This right of the people is not in any manner impaired by statutes granting to electors, in their private capacity as citizens, the right to contest the election of any person assuming to exercise the functions of an office."

In People v. Keigwin, 256 Ill. 264, under the subject of proceedings in behalf of the public, it is said, neither laches nor the acquiescence of individuals, can bar the public from maintaining quo warranto proceedings.

The case of Massey v. People, 201 Ill. 409, while coming close to this question, seems not to decide it. The question there was as to the sufficiency of a plea which set up the contest in the city council, and that the defendant qualified and took his seat. It is there held that the plea was good in substance, and showed good title to the office by the election.

It may be it was intended to say that that contest

would be a bar to quo warranto; it may be that it was only intended that the plea was good, and would require a replication to assail the result of the contest set up in the plea, or the result of the election.

Coming now to the direct holdings of the Appellate Courts of this state we find that the Appellate Courts of the second, third and fourth districts, in People v. Bird, 20 Ill. App. 568 (4th Dist.); Patterson v. People, 65 Ill. App. 651 (2nd Dist.); Latham v. People, 95 Ill. App. 528 (3rd Dist.); and Garms v. People, 108 Ill. App. 631 (3rd Dist.), have decided that the decision of the contest in the city council does not bar the public from bringing quo warranto proceedings to test the right of the member whom the council has seated. This doctrine seems to have the sanction of many of the courts of other states.

In view of the decision in three of the four Appellate Court districts of this state we conclude that we should adhere to the decision of this and the other Appellate Courts, in the absence of a direct holding by the Supreme Court, and affirm the judgment of the court below on that subject, so that if the parties desire, the question may be removed to the Supreme Court for final settlement.

If the Circuit Court has jurisdiction, we are satisfied that the two ballots in question were intended by the voter to be cast for Shipman, and that the mark in the circle in front of the words "citizens ticket by petition" is not a distinguishing mark, and that those two ballots were properly counted for Shipman.

We find the conclusion of the trial court in giving judgment of ouster against appellant to be correct.

Judgment affirmed.

*Affirmed.*

Mr. Justice Carnes, having tried the case in the court below, took no part in this decision.