First Division
May 21, 2007

No. 1-07-0700

| | | |
|---|---|---|
| JOHN F. CINKUS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE VILLAGE OF STICKNEY MUNICIPAL | ) | 07 COEL 29 |
| OFFICERS ELECTORAL BOARD, DONALD J. | ) | |
| TABOR, ARTHUR RAWERS, Clerk, RICHARD E. | ) | |
| McDONALD, Senior Trustee, SAM ESPOSITO, | ) | |
| Objector, and DAVID ORR, Cook County Clerk, | ) | Honorable |
| | ) | Paul A. Karkula, |
| Respondents-Appellants. | ) | Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Petitioner, John F. Cinkus, filed nomination papers to be a candidate for village trustee in the Village of Stickney. Respondent Sam Esposito objected to petitioner's candidacy based on an allegation that petitioner is ineligible for office under section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2004)) because petitioner owed $100 to the Village of Stickney. Respondent Village of Stickney Municipal Officers Electoral Board (Board) sustained Esposito's objection under section 3.1-10-5(b) and found petitioner ineligible. Petitioner sought judicial review, arguing that the Board's decision was contrary to law and violated due process. The trial court agreed with petitioner and reversed the Board's decision.

Esposito appeals, arguing that the Board correctly ruled that petitioner was ineligible to run for village trustee because he was in arrears of a debt owed to the Village of Stickney at the time petitioner filed his nomination papers, pursuant to section 3.1-10-5(b).

On February 5, 2007, petitioner filed his nomination papers for the office of trustee in the

Village of Stickney for the April 17, 2007, consolidated election. On February 12, 2007, Esposito filed a verified objector's petition, alleging that petitioner is ineligible to run for trustee in the Village of Stickney under section 3.1-10-5(b) because "[t]he Candidate is in arrears in the payment of indebtedness in the amount of $100.00 to the Village of Stickney." Petitioner filed a motion to dismiss the objection, which was taken with the case. Petitioner included his affidavit with the motion to dismiss, which claimed that petitioner attempted to pay the $100 debt on February 14, 2007, but the Village employee refused his tender. He was referred to a Village police officer, who also refused to accept payment and told to speak with the mayor or Village treasurer. Petitioner attempted to pay the treasurer, but payment was again refused. Eventually, petitioner made out a check to the Village for the $100 judgment and inserted it into the payment window at the Village business office, stating that he was paying his debt.

On February 16 and 22, 2007, the Board conducted a hearing on Esposito's objection. Esposito offered a notice of judgment for $100 entered against petitioner on November 16, 2006. Attached to the notice of judgment was a citation for disorderly conduct, pursuant to the Village of Stickney Municipal Code, issued against petitioner on April 27, 2006. The Board sustained Esposito's objection and found:

> "[T]he candidate is not eligible to be a candidate for the elected
> municipal office sought under the Illinois Municipal Code, 65
> ILCS 5/3.1-10-5(b), as he is indebted to the Village of Stickney in
> the amount of $100.00 by virtue of a judgment entered against him
> in that amount which, as of the date of the filing of the candidate's

2

nomination papers and as of the date of the filing of the Objector's

Petition, was unpaid."

The Board declared petitioner's nomination papers to be invalid and his name shall not be printed on the ballot for the April 17, 2007, consolidated election.

Petitioner sought judicial review in the circuit court of Cook County. On March 15, 2007, the circuit court reversed the Board's decision as "contrary to law, arbitrary and capricious, and violated Due Process and is against the manifest weight of the evidence." The circuit court ordered petitioner's name to be placed on the April 17, 2007, ballot. This appeal followed.

On appeal, Esposito argues that the Board correctly ruled that petitioner is not eligible to run for the office of trustee in the Village of Stickney due to his being in arrears of a debt owed to the Village of Stickney at the time petitioner filed his nomination papers. Petitioner responds that the section 3.1-10-5(b) applies to ineligibility to hold elected office, not ineligibility to run for elected office.

We review the Board's decision on appeal rather than the circuit court's decision. Bergman v. Vachata, 347 Ill. App. 3d 339, 344 (2004). The sole question presented on appeal involves the interpretation of section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2004)). The interpretation of a statute is a question of law and is reviewed *de novo*. Bergman, 347 Ill. App. 3d at 344.

Section 3.1-10-5(b) provides:

"A person is not eligible for an elective municipal office if

that person is in arrears in the payment of a tax or other

3

indebtedness due to the municipality or has been convicted in any court located in the United States of any infamous crime, bribery, perjury, or other felony." 65 ILCS 5/3.1-10-5(b) (West 2004).

"The fundamental rule of statutory interpretation is to ascertain and effectuate the legislature's intent." Comprehensive Community Solutions, Inc. v. Rockford School Dist. No. 205, 216 Ill. 2d 455, 473 (2005). "The plain language of a statute remains the best indication of this intent." Comprehensive Community Solutions, Inc., 216 Ill. 2d at 473. "Where the language of a statute is clear, we may not read into it exceptions that the legislature did not express, and we will give it effect as written." Comprehensive Community Solutions, Inc., 216 Ill. 2d at 473. "We also will give undefined statutory terms their ordinary meanings." Comprehensive Community Solutions, Inc., 216 Ill. 2d at 473-74.

Although no Illinois court has addressed the eligibility of a candidate who is in arrears of a tax or other indebtedness, Illinois courts have considered the second part of section 3.1-10-5(b), where a person is not eligible for elective municipal office because of a felony conviction. See Pappas v. Calumet City Municipal Officers' Electoral Board, 288 Ill. App. 3d 787 (1997); Bryant v. Board of Election Commissioners of the City of Chicago, 224 Ill. 2d 473 (2007); Delgado v. Board of Election Commissioners of the City of Chicago, 224 Ill. 2d 481 (2007).

In Pappas, the candidate asserted that the court should consider section 3.1-10-5 *in para materia* with section 29-15 of the Election Code (10 ILCS 5/29-15 (West 1994)), which allows for the restoration of the ability to run for office for those convicted of an infamous crime. Pappas, 288 Ill. App. 3d at 790. The reviewing court found no conflict and pointed out that the

legislature intended to limit eligibility of felons seeking municipal office when it failed to enact a restoring clause during the 1992 amendments of section 3.1-10-5. Pappas, 288 Ill. App. 3d at 790. The Pappas court found "no ambiguity in the clear language of section 3.1-10-5 prohibiting felons from seeking municipal office." Pappas, 288 Ill. App. 3d at 790.

Recently, the Illinois Supreme Court in Bryant and Delgado considered the eligibility of two convicted felons who attempted to run for the office of alderman in the City of Chicago. Bryant, 224 Ill. 2d at 474; Delgado, 224 Ill. 2d at 482 The supreme court held that "[s]ection 3.1-10-5(b) of the Municipal Code expressly provides that a person who 'has been convicted in any court located in the United States of any infamous crime, bribery, perjury or other felony' is 'not eligible for an elective municipal office.' 65 ILCS 5/3.1-10-5 (West 2004). This bar is not necessarily permanent. Under the Election Code (10 ILCS 5/1-1, et seq. (West 2004)), convicted felons may recover their right to run for office through 'the terms of a pardon for the offense or otherwise according to law.' 10 ILCS 5/29-15 (West 2004)." Bryant, 224 Ill. 2d at 474-75; Delgado, 224 Ill. 2d at 482-83 The supreme court concluded that neither candidate was eligible for elective municipal office in this State. Bryant, 224 Ill. 2d at 475; Delgado, 224 Ill. 2d at 483. The supreme court ordered the circuit court in the respective cases to vacate the decision of the Board of Election Commissioners of the City of Chicago and to declare both candidates "ineligible to run for the office of alderman pursuant to section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2004))," reject their nomination papers, and remove their names from the ballot or discount any votes cast for them. Bryant, 224 Ill. 2d at 480; Delgado, 224 Ill. 2d at 489.

While these cases did not address a candidate's ineligibility for elective municipal office based on a candidate's indebtedness, the disqualifying language in subsection (b) remains the same for both felons and debtors and should be applied consistently. "When the legislature uses identical language to prescribe identical provisions, absent evidence of a contrary intent, the only logical conclusion to be drawn is that the legislature intended that the two provisions have the same meaning and be interpreted identically." In re S.P., 323 Ill. App. 3d 352, 357 (2001). If a prior felony conviction is bar to a candidate's eligibility to run for office, then it follows that the legislature intended that being in arrears of a debt to the municipality also precludes eligibility to run for office.

We are not persuaded by petitioner's reliance on People v. Hamilton, 24 Ill. App. 609 (1886). First, this case is not binding on this court and has no precedential value as it was decided prior to 1935. Sklodowski v. Countrywide Home Loans, Inc., 358 Ill. App. 3d 696, 701 (2005); see also Graham v. White-Phillips Co., 296 U.S. 27, 31, 80 L. Ed. 2d 20, 24, 56 S. Ct. 21, 22 (1935). Second, Hamilton is not an election case and does not consider the statute at issue in the case, but instead it interpreted the language of the provision in effect in 1886. For these reasons, we find petitioner's reliance to be misplaced.

Additionally, as in the case of a felon's ineligibility, a debtor's ineligibility is not a permanent bar to run for municipal office. The candidate is eligible to run in future elections, provided that all debts in arrears are satisfied at the time the nomination papers are filed. We also point out that petitioner failed to offer any evidence that he was not in arrears of the $100 judgment at the time he filed his nomination papers nor does he contest on appeal that he had not

6

paid the $100 judgment prior to filing his nomination papers. Accordingly, we hold that the Board's decision was correct and that pursuant to section 3.1-10-5(b) of the Illinois Municipal Code, petitioner is not eligible to run for trustee in the Village of Stickney because he was in arrears of a debt at the time he filed his nomination papers.

Petitioner also asserts on appeal that the Board's decision is fatally flawed in that it found that petitioner was "indebted" to the Village of Stickney when he filed his nomination papers, but failed to state that the debt was in arrears. We are not persuaded by this argument. While the Board's findings does not specifically state that the debt was in "arrears," the Board does cite to section 3.1-10-5(b) of the Illinois Municipal Code in its conclusion that petitioner was not eligible to run in the election. We do not find that this failure to use precise statutory language rendered the Board's decision insufficient.

For the foregoing reasons, we reverse the decision of the circuit court of Cook County and reinstate the decision of the Board. The court's judgment shall further provide that if removal of Mr. Cinkus' name from the ballot cannot be accomplished prior to election day, the Board shall be required to disregard any votes cast for him in determining the winner of the election.

Reversed.

GARCIA and R. GORDON, JJ., concur.

7