## James G. Patterson v. The People of the State of Illinois ex rel. Frank S. Allen.

| | |
|---|---|
| 65 | 651 |
| 85 | 260 |
| 65 | 651 |
| 92 | 1504 |
| 65 | 651 |
| 95 | 2530 |
| 65 | 651 |
| 103 | 2404 |
| 66 | 651 |
| 115 | 3518 |

1. STATUTES—*Construction of.*—Under Sec. 34, Chap. 20, R. S., relating to cities and villages, and providing that the city council shall be the judge of the election and qualification of its own members, in an election contest between two persons for the office of alderman the city council has conclusive jurisdiction.

2. CONTESTING ELECTIONS—*And Quo Warranto Proceedings.*—There is a distinction between an election contest where two persons claim the same office and a proceeding by *quo warranto* to determine whether one exercising the functions of an office is a usurper. The former is a contest between two individuals over a disputed right, the latter is an inquiry in the name of the people, in their sovereign capacity, for the purpose of testing the authority of one holding an office. One is a remedy granted by the legislature to an elector in his individual capacity, the other belongs to the people of the State in their sovereignty, and is in no manner impaired by the statute granting to electors in their individual capacity the right to contest.

3. ELECTIONS—*Australian Ballots.*—An Australian ballot on which there is no cross made in the circle or square to the left of the column headed "Democrat," or column headed "Republican," is properly rejected.

4. BALLOTS—*Writing in the Name of the Candidate.*—Where a judge of an election furnished a voter with a ballot on which was the printed indorsement like other ballots, but on account of some mistake the inside was a blank, and the voter wrote upon the inside of the ballot the name of his candidate and office, and, making a circle at the left, placed therein a cross and voted it, *it was held* that the ballot was properly counted.

5. AUSTRALIAN BALLOTS—*Writing in the Name of Candidate.*—Where the ballot furnished by the judges is a blank, or does not contain the name of an office to be voted for, the voter may write in the name of the office and the name of the person he desires to fill it, and if he complies with the statute in making a cross in the circle or square opposite the name, it should be counted.

6. ALDERMEN—*Quo Warranto Proceedings—Election Contests—Tie.*— Where a count of the court upon quo warranto proceedings results in a tie, a judgment of ouster is properly entered; but in case of a tie, in the election of a city officer, it must be decided by lot under Sec. 58, Chap. 24, R. S., entitled Cities and Villages.

Quo Warranto Proceedings.—Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

GEORGE S. HOUSE, attorney for appellant.

E. C. AKIN, State's Attorney, for appellee; C. A. HILL, of counsel.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of ouster rendered in the Circuit Court against appellant on proceedings by quo warranto to test his right to the office of alderman.

At an election held on the 17th of April, 1894, James G. Patterson, republican, and Frank S. Allen, democrat, were rival candidates for alderman of the fifth ward of the city of Joliet. Returns made by the judges of election showed that Patterson received 228 votes, and Allen 230 votes. Allen was declared elected, and took the oath of office. Patterson subsequently contested the election before the city council, which body, on a canvass of the votes, declared him elected instead of Allen.

On the 10th of June, 1894, this proceeding, by information in the nature of a quo warranto to test Patterson's right to the office was commenced. Patterson filed two pleas. In the first he set up in bar the contest before the city council, and the result reached by that body declaring him elected. To that plea the court sustained a demurrer.

The second plea, in addition to setting up the various proceedings by which Patterson was installed into office, averred that he received 226 of the legal votes cast at the election, while Allen received but 224, and that he was therefore elected. On that plea issue was taken and a trial had by the court.

It was stipulated that of the 458 ballots cast, 226 were properly cast, and counted by the judges of election for Patterson, and 224 were properly cast and counted by the judges of election for Allen. Of the eight remaining, the court rejected four, counted one for Patterson, and counted three for Allen, thereby leaving 227 legal votes for each. The finding was therefore that Patterson unlawfully held the office and judgment of ouster was entered against him for costs.

The two grounds for reversal urged are, first, that the court erred in holding the first plea bad; and second, the court erred in not counting one of the rejected ballots for appellant, and in counting three of those objected to for Allen.

The first plea presents the question whether a contest in a city council as to who was elected alderman, and the decision of that body, can be pleaded in bar to a proceeding by quo warranto to test the right to hold the office.

Section 34, chapter 24, R. S., relating to cities and villages, declares : "The city council shall be the judge of the election and qualification of its own members." In construing that section, our Supreme Court holds that, in an election contest between two persons for the office of alderman, the city council has exclusive jurisdiction. Linegar v. Rittenhouse, 94 Ill. 208; Keating v. Stack, 116 Ill. 191. There is a distinction between an election contest where two persons claim the same office, and a proceeding by quo

warranto to determine whether one exercising the functions of an officer is a usurper. The former is a contest between two individuals over a disputed right. The latter is an inquiry in the name of the people, in their sovereign capacity, for the purpose of testing the authority of one holding an office.

One is a remedy granted by the legislature to an elector in his individual capacity. The other belongs to the people of the State in the right of their sovereignty, and is in no manner impaired by the statutes granting to electors, in their individual capacity, the right to contest. Snowball v. The People ex rel., etc., 147 Ill. 266; People v. Holden, 28 Cal. 123. The court properly sustained a demurrer to the first plea.

The following form of printed ballot was used at that election:

## ◯ REPUBLICAN.　◯ DEMOCRATIC.　◯ ················

| For Alderman. | For Alderman, | For Alderman, |
|---|---|---|
| ☐ JAMES G. PATTERSON | ☐ FRANK S. ALLEN | ☐ ................... |
| For School Inspector, District No. 1, West Side, | For School Inspector, District No. 1, West Side, | For School Inspector, District No. 1, West Side. |
| ☐ FRANK E. MARSH | ☐ NICHOLAS J. HORN | ☐ ................... |

Of the ballots examined and passed upon by the court, Nos. 1, 4 and 8 were properly rejected, because there was no cross mark in circle or square to the left of the column headed "Democratic" or the column headed "Republican." There is a cross in the circle to the right of the Democratic column and for that reason it is contended that the intention of the voter was to vote the "Democratic" ticket and that the ballot should be counted for Allen. We think not. The circle in which the cross was made was evidently intended for use by a voter not wishing to vote either the Democratic or Republican ticket, and did not belong to either of the columns headed "Democratic" or "Republican."

No. 2 was properly counted for Allen, though a cross appears in the circle to the left of the word "Democratic," and a cross in the circle to the right of that word　There

is no name printed or written in the column to which the last mentioned circle belongs.

No. 3 was properly counted for Patterson although the cross opposite his name was made partly within and partly without the circle. The same is true of No. 6 counted for Allen. The intention of the voter and his attempted compliance with the statute is evident.

It is contended that No. 5, rejected, should be counted for Patterson, although no cross appears in the circle or square, because above the column to which his name belongs is a cross. The cross touches neither circle nor square. There is no such compliance or attempted compliance as entitles the ballot to be counted.

No. 7 does not contain the printed words appearing on the other ballots. It was furnished by the judges of election to Patrick Kelley. The printed indorsement on the back is like that on the other ballots, but, on account of the printing press failing to make an impression, the inside was a blank. Kelley wrote in lead pencil as follows: (⊠) "Frank S. Allen, alderman," and voted it. The court properly counted it for Allen. Where the ballot furnished by the judges of election is a blank, or does not contain the name of an officer to be voted for, the voter may write in the name of the office and the name of the person he desires to fill it, and if he complies with the statute in making a cross in the circle or square opposite the name it should be counted. In this view we are supported by Sanner v. Patton, 155 Ill. 553.

The count of the court resulting in a tie, judgment of ouster was properly entered against appellant. In case of a tie in the election of any city officer it should be determined by lot which candidate shall hold the office. Sec. 58, Chap. 24, Hurd's Revised Statutes, 264. Judgment affirmed.