(54 South. 943.)

No. 18,697.

HENDRY v. DEMOCRATIC EXECUTIVE COMMITTEE et al.

In re HENDRY.

(April 10, 1911.)

*(Syllabus by Editorial Staff.)*

1. ELECTIONS (§ 271*)—COUNTS OF VOTES.

In an election contest, where there were two candidates, the rejection of a ballot for each candidate for the same irregularity affords neither a cause of action.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 248; Dec. Dig. § 271.*]

2. ELECTIONS (§ 186*)—COUNTS OF VOTES—ERRORS IN BALLOTS.

A ballot cast in an election held under section 24, Act No. 49 of 1906, providing that the voter shall designate his choice by a cross to the right of the name of the candidate he desires to support, was properly rejected because stamped on the left side.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 159; Dec. Dig. § 186.*]

Application by Malone M. Hendry for writs of certiorari and mandamus against the Democratic Executive Committee. Twenty-Fifth Judicial District Court, Parish of Tangipahoa. Application dismissed.

T. M. Bankston and Clay Elliott, for relator. R. C. & S. Reid, for respondent McMichael. B. B. Purser, for respondent Democratic Executive Committee.

PROVOSTY, J. Any number of irregularities in point of form are urged against the present proceeding, several of which appear to us to be fatal; but as it is manifest that relator has no case on the merits, and as by disposing of the matter on the merits we can dispense with an elaborate statement of the case, which would otherwise be necessary, we will dispose of the merits.

[1] In counting the ballots at a town election at which the relator was a candidate for town marshal, three ballots were rejected—two of them because more names were upon them for councilmen than there were councilmen to be voted for, and one because it was stamped on the left side, instead of, as required by the statute, on the right side. Of the two ballots which had an excess of names, one was for relator and one for his competitor. Of these two it may be said that their rejection in no way affected the result of the election, and therefore affords no ground of action.

[2] The other rejected vote was for relator, and the counting of it would have tied the election; but we agree with the learned respondent judge that it was properly rejected. The law under which the election was being held provides that the voter shall designate his choice by stamping or making a cross to the right of, and opposite to, the name or names of the candidate he desires to support. Act 49 of 1906. See section 24. This act embodies what is known as the "Australian ballot," or secret, system of voting. The idea is that all the ballots are alike, and the voter prepares his ballot and casts it in secret, with no distinguishing marks upon it. It is made a crime for him or anybody else to put a distinguishing mark upon it. That, under this system, form is sacramental, and that a voter cannot stamp his ballot on the left side, instead of, as required by the law, on the right side, can hardly be contended seriously. Indeed, apart from all consideration of the spirit of this law, its terms are positive that the

stamping must be on the right side, and this requirement is not satisfied by stamping on the left side. In Mize v. McElroy, 44 La. Ann. 796, 11 South. 133, 16 L. R. A. 278, 32 Am. St. Rep. 355, where the law required the names on the ballot to be printed, it was held that a name could not be written.

We take from the brief filed in behalf of the board of election commissioners, the following citation of authorities:

"A ballot will not be counted for candidate, though above the column to which his name belongs is a cross, where the cross touches neither circle nor square. [Patterson v. People ex rel. Allen] 65 Ill. App. 651.

"Under the law requiring an X mark to be placed in the square opposite the name of the candidate voted for, such a mark, placed one space too far to the right, between the line dividing the candidates of the political parties, is insufficient. In re East Coventry Election (Quart. Sess.) 3 Pa. Dist. R. 377.

"Under a law requiring an X mark to be made in a certain circle, such a mark made outside the circle is insufficient. Id.

"A cross at the right of a candidate's name is of no effect whatever, since the statute requires it to be made at the left. Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180.

"A cross at the head of a party ticket, but not within the circle, is a nullity. Id.; also McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23.

"A cross to the right of a candidate's name is a nullity. McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23.

"While the intent of the voter is material in determining the validity and effect of ballots, yet such intent, in order to be effectuated, must be expressed conformably to the imperative requirements of the law. In re Wilcox, 27 R. I. 117, 60 Atl. 838. Under the statute, which provides but one way in which the voter may indicate his choice of candidates, and which authorizes the counting of ballots for those persons only 'before whose names a cross mark shall have been made' (Code, §§ 1622, 1638), where the cross mark is made on the right-hand side of the ticket and after the name of a candidate, such ballot should be rejected, and not counted for the person opposite whose name the mark was made. Black v. Pate, 130 Ala. 514, 30 South. 434.

"Rev. Codes, § 491, as amended, etc., * * * which provides the method by which the elector may indicate his choice of candidates, in so far as it relates to marking within the square, is mandatory; and marks outside the squares are not to be counted or considered for the purpose of gathering the intention of the voter.

[Howser v. Pepper] 8 N. D. 484 [79 N. W. 1018]."

The present application is dismissed, at the cost of the relator.

SOMMERVILLE, J., takes no part herein.