456 So.2d 1038 (1984)
George LERAY, Plaintiff-Appellant & Appellee,
v.
Lloydell Iles MULLICAN, et al., Defendant-Appellee & Appellant.
No. 84-952.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1984.
Writ Denied October 17, 1984.
*1039 James K. Nichols, DeRidder, for plaintiff-appellant & appellee.
Cox, Cox & Townsley, Rex Townsley, Lake Charles, for defendant-appellee & appellant.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
This is an election contest for a seat on the Beauregard Parish School Board, District 3A. In the September 29, 1984 primary election the plaintiff, George LeRay, the incumbent, received 405 votes, and the defendant, Lloydell Iles Mullican, his only opponent, received 406 votes. On October 5, 1984 the plaintiff timely moved for, and was granted, a recount of the absentee ballots. The recount as ordered by the Court was conducted on October 9 at 8:30 A.M., with a hearing on the matter held at 10:00 A.M. that same day.
There were fifty-one absentee ballots cast in the election. Twenty-four of the votes cast were counted by the absentee computerized counting machine for George LeRay, and twenty-one votes were counted for Lloydell Iles Mullican. Six absentee ballots were not counted by the absentee computerized counting machine as there were no holes punched in these ballots for either candidate, one of these ballots being marked with an X in the square opposite the name of George LeRay.
The recount, as ordered by the Court, was conducted by hand and not by the absentee computerized counting machine. On the recount twenty-two absentee votes were tabulated for the plaintiff, George LeRay, and twenty-one were tabulated for the defendant, Lloydell Iles Mullican, with eight absentee votes not being counted for either candidate, i.e. the 6 unpunched ballots and 2 ballots which were double punched.
The ballots were printed on IBM type cards for the purpose of machine tabulation. On the face of the card appeared the name of the office and the names of the candidates running for that office. To the immediate right of each candidate's name appeared a box which contained a perforated die-cut circle with a cross inside. The instructions on the face of the ballot read as follows:
"Record your vote(s) by removing completely the circled cross [] to the right of your choice." (The word completely was of a darker print.)
Of the eight absentee ballots that were not counted on the recount, five were not counted as the circled cross [] was not punched out for either candidate. These ballots are not in contention, as both parties concede that they were spoiled and should not be counted.
The trial court agreed with the recount insofar as it disallowed the double punched ballots but disagreed with the disallowance of the unpunched but pencil marked ballot and rendered judgment declaring the defendant, Lloydell Iles Mullican, as duly elected.
From that judgment George LeRay appeals. The appellee, Lloydell Iles Mullican, also perfected an appeal from that portion of the trial court's judgment which counted the absentee ballot voted by check mark.
The sole issue before this court is the validity of the three remaining absentee ballots. One of the ballots had no holes punched out, either for the school board race in contention here, or for any of the other offices voted on, but rather the voter had marked the ballot by placing a penciled check mark inside the box containing the circled cross for each candidate voted on. With regard to the school board race there was a check mark in the circle opposite the name of George LeRay. The other two ballots had the circled cross punched out by the names of both candidates.
The plaintiff contends that the trial court erred in throwing out the two ballots with the holes punched out besides both candidates' names. Plaintiff argues that when the ballots were originally counted there was only one hole punched out and that punch out showed a vote for him. It is the *1040 position of the plaintiff, and testimony of the Registrar and Deputy Registrar of Voters was introduced to support this claim, that if both holes of the ballot had been punched out at the time the ballots were originally counted, the automatic absentee ballot counter computerized machine would not have counted the ballots. It is also the plaintiff's contention that these two ballots were for him as the original machine tabulation showed an absentee ballot count of twenty-four votes for him and twenty-one for his opponent with six ballots not being counted for a total of 51. Testimony was also introduced to show that the perforated die-cut circle punch out on these absentee ballots were very fragile, and that there was a tendency for these holes to fall out with handling. The defendant disputes these claims, alleging in effect, that the machine erroneously originally counted these ballots.
The defendant argues that the trial court erred in allowing the pencil check mark voted ballot. It is her contention that once the form of the ballot is chosen, the instructions for voting the ballot must be followed and that substitute marks will result in the ballot being spoiled. She also contends that the pencil check mark constitutes a ballot containing a distinguishing mark, a feature that both our statutory law and jurisprudence strictly forbids.
As aforestated, after hearing the matter, the trial court voided the two ballots with the circled cross punched out for both candidates holding that there was no way to determine if both circled crosses were missing before or after the machine tabulation, or for which candidate the ballots were cast. The trial court counted the pencil marked ballot in favor of the plaintiff, holding that it appeared to him that the voter made an honest attempt to vote, and that the punching out of a perforated circle was for the mere accommodation of the computer. This brought the absentee tally to twenty-three votes for George LeRay, and twenty-one absentee votes for Lloydell Iles Mullican, which brought the total vote to 404 votes for George LeRay and 406 votes for Lloydell Iles Mullican. The trial court thus rendered judgment declaring the defendant, Lloydell Iles Mullican, the duly elected Representative of the Beauregard Parish School Board, District 3A.
With regard to the ballot voted with pencil check marks, the law prescribes the methods and marks that may be used to mark an absentee ballot. LSA R.S. 18:1306 provides in pertinent part as follows:
1306 A (2).
"Each ballot shall have printed on its face instructions informing the voter of the types of marks which may be used on that ballot to indicate his vote. Depending on the type of ballot used in any election, the following marks may be used by a voter to indicate his vote:
(a) A cross [X] mark;
(b) A check [√] mark;
(c) A mark that is made by filling in the appropriate space or box; or
(d) A mark that is made by punching out the appropriate space or box."
1306 A (3).
"Depending on the type of ballot used in an election, a ballot shall be marked by the voter with a pencil containing black lead or a pen or ball-point pen containing black, blue-black, or blue ink, or with an instrument or device to punch out the appropriate space or box on the ballot. The instructions printed on the face of the ballot shall inform the voter of the type of instruments that he shall use to mark his ballot."
The jurisprudence holds that ballots that are marked otherwise than provided by law are treated as ballots marked for identification and are void. State v. Breithaupt, 220 La. 1042, 58 So.2d 332 (1952); Vidrine v. Eldred, 153 La. 779, 96 So. 566 (1923); Hendry v. Democratic Executive Committee, 128 La. 465, 54 So. 943 (1911).
The current law that requires the rejection of ballots having distinguishing marks is LSA R.S. 18:1316 which provides in pertinent part as follows:
"Any ballot with a distinguishing mark or feature making the ballot susceptible *1041 of identification shall be rejected if at least a majority of the members of the board determine that the distinguishing mark was made by action of the voter."
The purpose of requiring identical marking of ballots, and rejecting those with distinguishing marks is to preserve the secrecy of voting. This is known as the "Australian ballot," or secret, system of voting. The idea is that all the ballots are alike, and the voter prepares his ballot and casts it in secret, with no distinguishing marks upon it. Under this system, form is sacramental, and a voter cannot mark the ballot in any other way than the method prescribed, Hendry, supra.
In Vidrine, supra, the prescribed method of voting a ballot was for the voter to place a cross mark in the square opposite the names of the candidates. The Court rejected thirty-one ballots as having distinguishing marks which might have been placed on the ballot for identification. Some ballots were voted by scratching out the names of candidates not voted for, leaving the names of those intended to be voted for. On others check marks were used, or stars, or by writing "yes" after the name of a candidate instead of a cross mark, or again by making the cross mark with ink instead of pencil, or by putting the cross mark outside the square.
In the present case, the ballot used was designed to be marked by punching out a perforated circle next to the candidate's name. This punching could be accomplished by either using the punch machine that was available for use at the Registrar's Office or by punching out the perforated circle by using any pencil or pen-like instrument.
The ballot in question was not marked by a punched hole. Instead the voter chose to make a check mark next to the candidate's name with a pencil. This was not the prescribed method to mark the ballot. Therefore we must hold that the ballot is void as the penciled check mark is a distinguishing mark which is susceptible of identification.
Since both parties agreed that the plaintiff incumbent candidate needed all three of the contested absentee votes to tie the election, we need not discuss the validity of the other two absentee ballots.
For the reasons assigned, the judgment of the trial court is affirmed insofar as that judgment declares the defendant, Lloydell Iles Mullican, to be the duly elected Representative of the Beauregard Parish School Board, District 3A. All costs of this appeal are assessed to the plaintiff-appellant, George LeRay.
AFFIRMED.