Dear Ms. LeJeune:
Your request for an Attorney General's Opinion regarding absentee affidavits has been assigned to me for research and reply. Your question is as follows:
 Pursuant to R.S. 18:1309(E)(2), is it legal for the Registrar of Voters or one of her deputies to fill out the absentee affidavit at the request of the voter prior to the voter retiring to the voting booth to cast his or her ballot?
R.S. 18:1309(E)(2) provides for the registrar to hand to the voter the ballot, ballot envelope, and the certificate, and for the voter to sign the precinct register prior to executing the absentee ballot.
We are enclosing herein a copy of two recent Attorney General's Opinions, Numbers 99-342 and 00-136, which we believe address your question. In Number 99-342, we answered questions regarding the right to vote and the right to receive assistance in voting by handicapped persons specifically, and all persons in general. We discussed the case of Fanara v. Candella, 94-491 (La.App. 3 Cir. 4/18/94), 640 So.2d 406, which made it very clear that a voter is not entitled to assistance in voting unless the requirements of R.S. 18:564 are met. We stated, "R.S. 18:564 is a mandatory precondition for receiving assistance in voting and if it is not satisfied before assistance is extended to voters by election officials, it is the act of assistance pro se which is unlawful and casts doubt on the validity of the vote."
In Opinion Number 00-136, we addressed the circumstances under which an absentee ballot may be challenged for cause for failure to substantially comply with the law. We quoted R.S. 18:1306, which in sum states that it is mandatory that the voter fill in all blanks on the certificate on the ballot envelope flap. We quoted from Adkins v. Huckabay, 99-3605 (La. 2/25/00), 2000 WL222576, that "[a]bsentee voting is not an absolute right. Instead, it is an exception to the traditional method of voting at the polls and is restricted to specifically enumerated situations and qualifications." Therefore, if a voter chooses to exercise his right to vote by absentee ballot, he must comply with the law in order to cast such a ballot.
Thus, in sum it is our opinion that neither the registrar, nor her deputies, are authorized by law to assist a voter in filling out an absentee ballot affidavit unless the voter is entitled to assistance in accordance with the law. We reaffirm our earlier opinions and further conclude that assistance by the registrar, where assistance is not authorized by law, may subject that ballot to challenge and thus, cast doubt on the validity of the vote.
If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Cc: Hon. Suzanne Haik Terrell
OPINION NUMBER 99-342
October 19, 1999
26-A ELECTIONS — Board of Supervisors, State Boards; Establishment of election precincts polling places 33-A ELECTIONS — Assistance to voters by Commissioners of Clerks 61-A-1 LAWS — Voting Rights
Answers questions regarding the right to vote and the right to receive assistance in voting by handicapped persons.
Mr. George A. Burton, Jr. President Caddo Parish Board of Election Supervisors Post Office Box 1969 Shreveport, Louisiana 71166
Dear Mr. Burton:
We are in receipt of your request for an Attorney General's opinion regarding the proper advice the Board of Election Supervisors of Caddo Parish should give election workers and the general public on the matter of assistance in voting. You seek an opinion on the following questions:
 1. When a voter wishes to vote and states that he is handicapped and will need assistance in voting but has not provided a physician's certificate to the Registrar of Voters prior to election day and does not have the physician's certificate for presentation to the commissioner at the polls, may that voter receive assistance to vote?
 2. Does La. R.S. 18:564 envision that voters who request assistance on election day due to a recent accident or event and do not have the necessary statement from their physician will not be allowed to vote due to a lack of assistance or rather, only be allowed to vote without assistance?
 3. In relation to La. R.S. 18:564, if a person who has a visible handicap but who has not filed the physician's statement per this section of law and who could only vote with assistance, be denied the right to vote because the law doesn't allow him any assistance?
 4. Considering federally-mandated handicapped accessibility laws should disabled voters who have not supplied a physician's certificate be informed at the polls that a) they can vote but cannot receive assistance even though this preclusion may negate their ability to vote or b) be informed that while their right to vote has not been abridged it was their failure to present a physician's certificate that precluded their voting?
 5. If the computer poll list of registered voters does not state that the voter has been marked as `handicapped' and the voter has not presented a physician's certificate to the Registrar of Voters relating the need for assistance, and no such certificate is presented by the voter at the polls, who has the responsibility to inform the voter that without such a certificate they will not be able to receive assistance?
 6. Does La. R.S. 18:564 envision a need for the poll commissioner to contact either the Clerk of Court or Registrar of Voters office on election day, if a disabled voter presents his physician's certificate at the polls? Or can the poll commissioner review the physician's statement and allow assistance to the disabled voter without contacting the Clerk or Registrar attaching the certificate to the required records?
Although federal law provides that "any voter who requires assistance to vote . . . may be given assistance by a person of the voter's choice ", 42 U.S.C.A. 1973aa-6, it has long been established that a state has broad powers to determine the conditions under which the right to vote may be exercised.[1]
The State of Louisiana has done just that with regard to allowing a person to have assistance in voting in compliance with federal law.
Specifically, the Louisiana Constitution[2] provides for voting by secret ballot in all elections by the people. The Louisiana Election Code provides for all voting machines to be constructed and equipped to "[s]ecure to the voter secrecy in the act of voting." La. R.S. 18:1355. "`The secrecy of the ballot is the great safeguard to the purity of elections.'"[3]
In Carrington v. Rash[4], the U.S. Supreme Court reaffirmed the following language from Pope v. Williams[5]
when it quoted as follows:
 `In other words, the privilege to vote in a state is within the jurisdiction of the state itself, to be exercised as the state may direct, and upon such terms as it may seem proper, provided, of course, no discrimination is made between individuals, in violation of the Federal Constitution.'
United States v. Executive Committee of the Democratic Party ofGreen County, Alabama, 254 F. Supp. 543, 545-546 (N.D.AL 1966).
The Louisiana Election Code sets forth the procedure for assistance to voters at the polls on election day. When a person registers to vote for the first time, he may state on his application form whether he requires assistance in voting and the reason therefor. La. R.S. 18:104(A)(13). If a person becomes handicapped subsequent to registering to vote, he is responsible for notifying the registrar either in person or by mail and furnishing a physician's certificate. La. R.S. 18:106(C). This information is required to be indicated on the voter's original application for registration, on the voting certificate, and on any other official registration records. La. R.S. 18:564(D). If the voter fails to provide a physician's certificate prior to the election, he may provide the certificate at the polls.
 LSA-R.S. 18:564, provides in part, as follows:
 * * *
 D.(1) Prior to receiving assistance under this Section, the voter shall file with the registrar in person or by mail a statement setting forth the necessity and reasons for this assistance and shall furnish a certificate of a medical doctor or optometrist certifying to the irremediable nature of the physical handicap as proof of disability. If such statement is filed with the registrar as provided in this Paragraph or if a statement is presented to the commissioner-in-charge on election day pursuant to Paragraph (2) of this Subsection, the registrar shall indicate such facts on the voter's original application for registration, on the voting certificate, and on any other official registration records. The registrar shall retain the statement of disability for thirty days after the election. Thereafter, the voter shall not be required to present evidence of any kind at the polls.
 (2) A voter shall also be entitled to assistance without having filed with the registrar a statement setting forth the necessity and reasons for this assistance if, on election day, the voter presents to the commissioner-in-charge a physician's certificate indicating the voter's inability to vote without assistance because of a physical handicap. The commissioner-in-charge shall attach this certificate to the precinct register.
 * * *
(Emphasis added).
It therefore appears that the right to a secret ballot provided by the State of Louisiana is subject to certain practical limitations where such secrecy is impossible, as in the case of a handicapped voter. However, the fact that the state has recognized exceptions to the right to a secret ballot does not mean that the right is to be loosely protected. It is noteworthy that in no instance does a citizen lose his right to a secret ballot without action on his part which constitutes intentional relinquishment of that right.
Nevertheless, the heart of your questions center on whether or not a commissioner should be instructed to turn away a person who is obviously handicapped and can not physically vote without assistance, but who has failed to present a physician's certificate at the polls on election day to entitle him to assistance in voting. In a Louisiana case, Fanara v.Candella[6], where 17 voters received unauthorized assistance in voting in the election in violation of R.S. 18:564, the trial court stated:
 The Louisiana Election code anticipates problems which may arise with a voter being assisted in casting a vote. The Legislature deemed it important enough to include a detailed provision of law which is RS 18:564, captioned `Assistance in Voting,' which provides, in part, as follows:
 * * *
 So, by way of review, this provision starts off saying, a voter may not receive assistance unless . . . and it goes on to discuss what the `unless' is.
 The law makes it very clear that a voter is not entitled to assistance unless those requirements are met. The evidence, in this case, indicates, that although the commissioners had been properly instructed as to those requirements, they were not properly enforced . . .
The court concluded that the "`[u]nauthorized assistance' of 17 voters constituted a violation serious enough to render the outcome of the election impossible to determine, because there is not evidence as to how these voters voted."[7]
La. R.S. 1:3 provides, in part, that "The word `shall' is mandatory and the word `may' is permissive." The Louisiana Election Code does not provide any discretion to the election officials. Without a physician's certificate, the voter is without legitimate authority to receive assistance in voting, regardless of an obvious physical disability that would prevent the voter from operating the voting machine. R.S. 18:564 is a mandatory precondition for receiving assistance in voting and if it is not satisfied before assistance is extended to voters by election officials, it is the act of assistance pro se which is unlawful and casts doubt on the validity of the vote.
The laws of this State are clothed in a presumption of constitutionality.[8] It is our opinion that the laws on assistance in voting are aimed at securing secrecy in the ballot, and do not attempt to disenfranchise any voter. At the expense of this secrecy, and in order to enable handicapped voters to have assistance in voting, the laws provide a method for such assistance, and do not deprive these voters of any right. Every voter, no matter the nature of their handicap, has a method set forth in the law by which he may exercise his right to vote. It is our opinion that the law does not shut off any class of voters from the ballot, and therefore, was designed by the legislature to accomplish the purpose specified in the constitution.
 Here is our direct response to your questions:
 (1) No, a voter may not receive assistance to vote when he fails to provide a physician's certificate to the Registrar of Voters prior to election day or to the commissioner at the polls on election day.
 (2) LSA-R.S. 18:564 provides a method in which a handicapped voter may exercise his right to vote due to a recent accident or event. It is the responsibility of the voter to follow the law in order to receive assistance in voting.
 (3) The enforcement of R.S. 18:564 will result in the restriction of assistance in voting when a voter fails to present a physician's certificate at the polls on election day, which in turn may result in the restriction of the right to vote. However, the State has the right to determine the conditions under which assistance to voters may be exercised, and we are of the opinion that the State has done so in a reasonable manner.
 (4) Disabled voters who have not supplied a physician's certificate should be informed of the law, that is that they are required to present a physician's certificate in order to receive assistance in voting. If they do not follow the law, the voter shall not be assisted in voting.
 (5) The commissioners working the precinct should be able to inform the handicapped voter that he is not entitled to assistance in voting unless he presents a physician's certificate.
 (6) There is no need for the poll commissioner to contact either the Clerk of Court or Registrar of Voters on election day if a handicapped voter presents a physician's certificate. The commissioner can review the certificate and attach it to the precinct register and allow the voter to vote with assistance.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI/ARL;cwr
Cc: Hon. Jerry M. Fowler Hon. W. Fox McKeithen
[1] Carrington v. Rash, 380 U.S. 89, 91, 85 S.Ct. 775, 777,13 L.Ed.2d 675 (1964).
[2] La. Const. Art. XI, Sec. 2 (1974).
[3] Nelson v. Miller, 170 F.3d 641, 651 (C.A. 6th Cir., 1999).
[4] 380 U.S. 89, at 91, 85 S.Ct. 775, at 777, 13 L.Ed.2d 675
(1964).
[5] 193 U.S. 621, at 632, 24 S.Ct. 573, at 575, 48 L.Ed. 817
(1903)
[6] 94-491 (La.App. 3 Cir. 4/18/94), 640 So.2d 406.
[7] Id. at 416.
[8] City of Shreveport v. Pedro, 170 La. 351, 127 So. 865
(La. 1930).
OPINION NUMBER 00-136
April 12, 2000
ABSENTEE VOTING
R.S. 18:1315 (B) Addresses the circumstances under which an absentee ballot may be challenged for cause for failure to substantially comply with the law.
Honorable Suzanne Haik Terrell Commissioner of Elections P.O. Box 14179 Baton Rouge, LA 70898-4179
Dear Commissioner Terrell:
We are in receipt of your request for an Attorney General's Opinion regarding absentee ballots. Your letter states that during counting and tabulation of absentee ballots, challenges may be made to an absentee ballot for cause. You seek our opinion on the following specific instances and question whether each instance warrants rejection by the parish board of election supervisors:
 1. The space for the voter's name above the affidavit has been left blank on the absentee ballot envelope flap.
 2. The space for the voter's residence has been left blank on the absentee ballot envelope flap.
 3. The space for mother's maiden name has been left blank on the absentee ballot envelope flap.
 4. The absentee ballot envelope flap is signed by the voter following the affidavit but is not notarized nor signed by two witnesses. [or, notarial statement not dated]
 5. The absentee ballot envelope flap is not signed by the voter on the signature line following the affidavit but the name does appear on the flap above the affidavit in the space provided for name.
 6. None of the information requested on the absentee ballot envelope flap is provided but the voter has signed the affidavit and the signature is witnessed or notarized.
The Louisiana Supreme Court's recent ruling in Adkins v. Huckabay, 99-3605 (La. 2/25/00), 2000 WL 222576, gives us guidance in this area of law. The Court was called upon to determine whether to apply strict compliance or substantial compliance to the absentee voting laws. In concluding "[L]ouisiana's absentee voting law does not require strict compliance", the Court stated:
 Thus, in the absence of fraud, undue influence, or intentional wrongdoing, an absentee ballot must be counted unless there is a substantial failure to comply with the essential requirements of the absentee voting law and that irregularity adversely affects the sanctity of the ballot and the integrity of the election. (Emphasis added).
Id. at **11. The Court emphasized the fact that the Election Code's procedures for absentee voting were "[n]ot designed to ensure a vote but rather to permit a vote by a statutorily limited and prescribed method". Id. Although the qualified citizens of the State of Louisiana have a right to vote and to have their votes counted, "[a]bsentee voting is not an absolute right. Instead, it is an exception to the traditional method of voting at the polls and is restricted to specifically enumerated situations and qualifications."Id. at *2.
That being said, we turn to the specific questions of your request. Questions 1, 2 and 3 ask whether the parish board of election supervisors should challenge and/or if challenged should they reject or count an absentee ballot where (1) the space for the voter's name above the affidavit has been left blank on the absentee ballot envelope flap, (2) the space for the voter's residence has been left blank on the absentee ballot envelope flap, and/or (3) the space for mother's maiden name has been left blank on the absentee ballot envelope flap. The pertinent part of the flap provides:
 I, _________________________________________ Name: (Last) (First) (Middle) Do solemnly swear that I am a resident of ____________________________ Louisiana (parish) ____________________________________________ (street address) ____________________________________________ (wd./dist./pct.) (city or town)
 My mother's maiden name is _________________
 * * *
LSA-R.S. 18:1306 provides for an absentee ballot envelope to have a flap which bears a certificate and shall include certain information of the voter. In executing the certificate of the absentee ballot envelope flap, LSA-R.S. 18:1310 (A) provides, in pertinent part:
 A. When a voter receives the absentee voting materials by mail or in person, he first shall fill in all blanks on the certificate on the ballot envelope flap. The voter then shall mark the ballot according to the printed instructions on its face. Then the voter shall place the ballot in the envelope, seal the envelope, and sign the certificate on the ballot envelope flap. (Emphasis added).
This is a mandatory provision of the absentee voting laws, as the word "shall" is mandatory. LSA-R.S. 1:3. In Adkins, supra, the Court reviewed several Louisiana cases regarding compliance with our election laws, including Henry v. Democratic Executive Comm.,128 La. 465, 54 So. 943, 943 (La. 1911), where the Supreme Court held that, "[w]here the law required that the elector "shall' designate his choice by stamping or marking to the right of the names of the candidate on his ballot, a ballot stamped on the left side was invalid." The Henry Court noted:
 `form is sacramental' and stated that `[w]hile the intent of the voter is material in determining the validity and effect of ballots, yet such intent, in order to be effectuated, must be expressed conformably to the imperative requirements of the law.'
Adkins, 2000 WL 222576, **9
Since the Election Code mandates filling in all blanks on the certificate on the ballot envelope flap, the question thus is whether or not partial failure of one, two, or even all lines (except the signature line) equals substantial compliance. The Supreme Court stated that substantial compliance means:
 [a]ctual compliance with respect to the provisions essential to the reasonable objectives of the absentee voting law.
The certificate is an important part of the ballot, in that it identifies the person as a registered voter who is entitled to vote in that election, and on that candidate and/or issue. It seeks specific information in identifying the person which is unique to that person, such as mother's maiden name, so as to prevent fraud.
Considering all of the above, it is our opinion that failure to fill in any and/or all blanks on the certificate of the ballot envelope flap results in substantial failure to comply with a mandatory requirement of the absentee voting laws. Thus, a challenge could certainly be made for cause in such an instance.
With regard to your fourth question, you state that the absentee ballot envelope flap is signed by the voter but is not notarized nor signed by two witnesses. In Adkins, supra the Court found that a mail-in absentee ballot which bore a signature, but lacked the signature of either a notary or two witnesses as required by La. R.S.18:1310 was correctly disqualified, stating at footnote 14:
 It is obvious that the requirement of either a notary or two witnesses to the signature is to verify that the purported signature is indeed the signature of the named elector on the ballot. Without this verification, the signature loses its proof of authenticity. The ballot is then easily susceptible to someone else forging the name of the elector or casting the ballot. This omission does violence to ensuring the integrity of the election and the door to fraud is flung wide. We find this requirement sacramental to the reasonable objectives of the absentee voting law.
Id. at **18
Therefore, we opine that in the event an absentee ballot envelope flap is signed by the voter but is not notarized nor signed by two witnesses, said ballot is not in substantial compliance with the absentee voting laws and is subject to challenge for cause.
Your staff has also requested by phone that we address the issue of whether the notary fails to fill in the date on the flap. The flap reads:
 Sworn to and subscribed before me on: ________________________________________ (DATE)
 ________________________________________ SIGNATURE OF NOTARY OR REGISTRAR
 ________________________________________ (TITLE)
R.S. 18:1306 (E) requires an absentee ballot envelope to have a flap with a certificate which includes "[limes for the signature of two witnesses." The law further provides, "[t]he voter may sign the certificate in the presence of two witnesses, who must also sign the certificate, and in such a case, the voter shall not be required to obtain the signature of a notary public, but his certificate shall be made under penalty of perjury . . .". We could not find any law requiring either the notary's signature or the witness's signature to be dated. Therefore, it is our opinion that failure of the witnesses/notary to date the instrument would not amount to a substantial failure of the absentee voting laws.
We next address your fifth question, where the absentee ballot envelope flap is not signed by the voter on the signature line, but the name does appear on the flap in the space provided for name. It is a requirement of law that the voter sign the certificate on the ballot envelope flap. R.S. 18:1310. Again, it is our opinion that failure to sign the certificate amounts to substantial failure of the voter to comply with a mandatory requirement of the absentee voting laws. This ballot would, therefore, be subject to challenge for cause.
We last address your sixth question, where none of the information requested on the absentee ballot envelope flap is provided but the voter has signed the affidavit and the signature is witnessed or notarized. We refer again to the mandatory requirements of R.S.18:1310, where the legislature has provided that a voter shall fill in all blanks on the certificate on the ballot envelope flap. We reiterate our earlier statement with regard to questions one, two and three, "it is our opinion that failure to fill in any and/or all blanks on the certificate of the ballot envelope flap results in substantial failure to comply with a mandatory requirement of the absentee voting laws. Thus, a challenge could certainly be made for cause in such an instance."
In sum, it is our opinion that in all of these scenarios a challenge could certainly be made for cause [with the exception of the notary failing to date the instrument]. R.S. 18:1315 (B) provides that "during the counting and tabulating of absentee ballots, any candidate or his representative, member of the board, or qualified elector may challenge an absentee ballot for cause, other than those grounds specified in R.S. 18:565 (A)." The law requires a majority vote of the board in determining the validity of any ballot challenged. Therefore, in response to your questions in general, voting to reject ballots on these basis is supported by the law and jurisprudence of the State of Louisiana. However, this opinion in no way intends to specifically instruct a member of the parish board of election supervisors as to how to vote on challenges. Our purpose is to research and explain the law, so as to provide knowledge to the members of the board so that they in turn can make an informed vote.
We hope this information sufficiently answers all of your questions. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;cwr Cc: Hon. W. Fox McKeithen