Dear Judge Conner:
We are in receipt of your request for an Attorney General's Opinion regarding the Special Program for Physically Handicapped Voters (the "special program") and the procedures for absentee voting. Specifically, you ask whether it is a violation of Louisiana law to allow an individual to participate in the special program without following proper procedures as provided for by law. You also ask whether a violation of Louisiana's absentee voting laws has occurred when an absentee voter's signature is not notarized or witnessed.
According to your opinion request, during the counting and tabulation of absentee ballots from a recently held election, it became apparent that the Registrar of Voters allowed residents of a local nursing home to vote by absentee ballot without the proper approval by the Board of Supervisors of Elections of Concordia Parish. You further state that the absentee ballots' envelope flaps were signed by the voter, but were not notarized nor signed by two witnesses.
Several federal statutes are intended to promote the political participation of individuals with disabilities by making registration and voting easier. These include the Voting Rights Act of 1965 (as amended in 1982), the Voting Accessibility for the Elderly and Handicapped Act of 1984, which guarantees the right to participate in federal elections, but only for persons with a "temporary or permanent physical disability" by requiring that auxiliary aids (defined as "instruction, printed in large type . . ." and "information by telecommunications devises for the deaf") be provided; and the Americans with Disabilities Act (ADA). Title II of the ADA requires that all public entities make "reasonable modifications to rules, policies, or practices" to ensure nondiscrimination in the programs, services and activities of state and local governments. The Act protects qualified individuals with disabilities, who are defined as persons who "with or without *Page 2 
reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, [meet] the essential eligibility requirements" of the program, service or activity (Americans with Disabilities Act of 1990). Attorney General Opinion No. 06-0231.
The Louisiana Election Code makes provisions for any category of registered voter to have the opportunity to vote. La.R.S. 18:1303 sets forth the persons entitled to vote, and provides in pertinent part:
 * * * F. Special handicapped persons. A person who lives at home and is approved for participation in the Special Handicapped Program under Part III of Chapter 7-A of this Title may vote absentee by mail as provided herein. (Emphasis added).
La.R.S. 18:1332 provides the requirements and procedures for physically disabled voters to participate in the special program to vote absentee by mail.
 A. Except as provided in R.S. 18:1333, a person otherwise qualified to vote who is physically disabled to an extent which prevents him from voting at the polls on election day or from voting during early voting may vote absentee by mail in accordance with the applicable provisions of Chapter 7 of this Election Code, upon approval for participation in the special program as provided by this Chapter.
 B.(1) Any qualified voter may file a written request with the registrar of voters to participate in the program, stating that by reason of physical disability he is unable to vote in person at the polls or by early voting ballot and including in the request a brief general description of the physical disability and its probable duration. Any qualified voter who is unable to write because of his physical disability may make such a request by telephone. In such instances, the voter shall give the registrar the same information and the registrar shall document his request for him.
 * * * (2)(a) Upon receipt of the completed documents, the registrar shall review the documents to insure proper execution. In the event the registrar is not satisfied with the documentation he receives or if he determines other evidence is necessary to assist him in determining whether the voter is qualified for the program, he may contact any of the witnesses or the physician or interview the voter. *Page 3 
 (b) If the evidence establishes to the satisfaction of the registrar that the voter is eligible for participation in the special program for voters, the registrar shall recommend his participation to the parish board of election supervisors.
 (3) The parish board of election supervisors may examine all or any part of the evidence and shall make the final determination in the matter. If the board approves the eligibility of the voter for participation, it shall direct the registrar to place the voter in the special program and notify him thereof. The parish board of election supervisors may direct the registrar to remove for cause a voter from participation in the program if the board determines after a hearing on the matter that the voter has failed to vote on at least two occasions despite assistance. If removal is ordered as a result of such hearing, the voter shall be notified immediately by the parish board of election supervisors.
Thus, any person who is qualified to vote and is physically disabled, may vote by absentee mail, provided that prior approval for participation in the special program is given by the Parish Board of Election Supervisors. Although the registrar is given authority to determine eligibility for participation in the special program for voters, the statute provides that the registrar shall recommend his participation to the parish board of election supervisors, who in turn shall make the final determination. Considering the foregoing, it is the opinion of this office that before any resident of the local nursing home, may vote absentee in accordance with the guidelines of the Special Handicapped Voters Program, final approval must be given by the Concordia Parish Board of Election Supervisors.
We will now turn to your issue regarding Louisiana's absentee voting laws. In your request you stated that the absentee ballot envelope flap is signed by the voter but is not notarized nor signed by two witnesses. In Adkins v. Huckabay, 99-3605 (La. 2/25/00), 2000 WL 222576, the Louisiana Supreme Court found that a mail-in absentee ballot which bore a signature, but lacked the signature of either a notary or two witnesses as required by La.R.S.18:1310 was correctly disqualified, stating at footnote 14:
 It is obvious that the requirement of either a notary or two witnesses to the signature is to verify that the purported signature is indeed the signature of the named elector on the ballot. Without this verification, the signature loses its proof of authenticity. The ballot is then easily susceptible to someone else forging the name of the elector or casting the ballot. This omission does violence to ensuring the integrity of the election and the door to fraud is flung *Page 4 
wide. We find this requirement sacramental to the reasonable objectives of the absentee voting law.
Further, La.R.S. 18:1306(E)(2), provides the procedures for preparation and distribution of absentee by mail and early voting ballots and provides in relevant part:
 * * * (2) An absentee by mail or early voting ballot envelope flap shall also contain lines for the handwritten signature of two witnesses. The voter may sign the certificate in the presence of two witnesses, who must also sign the certificate, and in such a case, the voter shall not be required to obtain the signature of a notary public, but his certificate shall be made under penalty of perjury for providing false or fraudulent information. Above the perforation and along the seal line the words "DO NOT DETACH FLAP" shall be printed. (Emphasis added).
In further review of R.S. 18:1306 (E) it appears that should the voter sign the certificate in the presence of two witness who must also sign the certificate, the voter is not required to have his signature notarized. However, if the voter does not sign the certificate in the presence of two witnesses, he or she must obtain the signature of a notary. See also Atty. Gen. Op. No. 2000-136
Therefore, we opine that a voter that votes absentee by mail must either sign the certificate in the presence of two witnesses or have his signature notarized.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________________
 LaTonya L. Ozene Assistant Attorney General
 CCF, Jr:LLO/lw
 OPINION NUMBER 2000-136 *Page 1 ABSENTEE VOTING
 R.S. 18:1315(B)
 Addresses the circumstances under which an absentee ballot may bechallenged for cause for failure to substantially comply with thelaw.
Honorable Suzanne Haik Terrell
Commissioner of Elections
P.O. Box 14179
Baton Rouge, LA 70898-4179
Dear Commissioner Terrell:
We are in receipt of your request for an Attorney General's Opinion regarding absentee ballots. Your letter states that during counting and tabulation of absentee ballots, challenges may be made to an absentee ballot for cause. You seek our opinion on the following specific instances and question whether each instance warrants rejection by the parish board of election supervisors:
 1. The space for the voter's name above the affidavit has been left blank on the absentee ballot envelope flap.
 2. The space for the voter's residence has been left blank on the absentee ballot envelope flap.
 3. The space for mother's maiden name has been left blank on the absentee ballot envelope flap.
 4. The absentee ballot envelope flap is signed by the voter following the affidavit but is not notarized nor signed by two witnesses. [or, notarial statement not dated]
 5. The absentee ballot envelope flap is not signed by the voter on the signature line following the affidavit but the name does appear on the flap above the affidavit in the space provided for name.
 6. None of the information requested on the absentee ballot envelope flap is provided but the voter has signed the affidavit and the signature is witnessed or notarized.
The Louisiana Supreme Court's recent ruling in Adkins v. Huckabay, 99-3605 (La. 2/25/00), 2000 WL 222576, gives us guidance in this area of law. The Court was called upon to determine whether to apply strict compliance or substantial compliance to the absentee voting laws. In concluding "[L]ouisiana's absentee voting law does not require strict compliance", the Court stated:
 Thus, in the absence of fraud, undue influence, or intentional wrongdoing, an absentee ballot must be counted unless there is a *Page 2 substantial failure to comply with the essential requirements of the absentee voting law and that irregularity adversely affects the sanctity of the ballot and the integrity of the election. (Emphasis added).
Id. at **11. The Court emphasized the fact that the Election Code's procedures for absentee voting were "[n]ot designed to ensure a vote but rather to permit a vote by a statutorily limited and prescribed method".Id. Although the qualified citizens of the State of Louisiana have a right to vote and to have their votes counted, "[a]bsentee voting is not an absolute right. Instead, it is an exception to the traditional method of voting at the polls and is restricted to specifically enumerated situations and qualifications." Id. at *2
That being said, we turn to the specific questions of your request. Questions 1, 2 and 3 ask whether the parish board of election supervisors should challenge and/or if challenged should they reject or count an absentee ballot where (1) the space for the voter's name above the affidavit has been left blank on the absentee ballot envelope flap, (2) the space for the voter's residence has been left blank on the absentee ballot envelope flap, and/or (3) the space for mother's maiden name has been left blank on the absentee ballot envelope flap. The pertinent part of the flap provides:
 I______________________________
 Name: (Last) (First) (Middle) Do solemnly swear that I am a resident of
 _________________________, Louisiana
 (parish)
 (street address)
 (wd./dist./pct.) (city or town)
 My mother's maiden name is___________
 * * *
LSA-R.S. 18:1306 provides for an absentee ballot envelope to have a flap which bears a certificate and shall include certain information of the voter. In executing the certificate of the absentee ballot envelope flap, LSA-R.S. 18:1310(A) provides, in pertinent part:
 A. When a voter receives the absentee voting materials by mail or in person, he first shall fill in all blanks on the certificate on the ballot envelope flap. The voter then shall mark the ballot according to the printed instructions on its face. Then the voter shall place the ballot in the envelope, seal the envelope, and *Page 3 
sign the certificate on the ballot envelope flap. (Emphasis added).
This is a mandatory provision of the absentee voting laws, as the word "shall" is mandatory. LSA-R.S. 1:3. In Adkins, supra, the Court reviewed several Louisiana cases regarding compliance with our election laws, including Henry v. Democratic Executive Comm., 128 La. 465, 54 So. 943,943 (La. 1911), where the Supreme Court held that, "[w]here the law required that the elector `shall' designate his choice by stamping or marking to the right of the names of the candidate on his ballot, a ballot stamped on the left side was invalid." The Henry Court noted:
 `form is sacramental' and stated that "[w]hile the intent of the voter is material in determining the validity and effect of ballots, yet such intent, in order to be effectuated, must be expressed conformably to the imperative requirements of the law.'
Adkins, 2000 WL 222576, **9.
Since the Election Code mandates filling in all blanks on the certificate on the ballot envelope flap, the question thus is whether or not partial failure of one, two, or even all lines (except the signature line) equals substantial compliance. The Supreme Court stated that substantial compliance means:
 [a]ctual compliance with respect to the provisions essential to the reasonable objectives of the absentee voting law.
The certificate is an important part of the ballot, in that it identifies the person as a registered voter who is entitled to vote in that election, and on that candidate and/or issue. It seeks specific information in identifying the person which is unique to that person, such as mother's maiden name, so as to prevent fraud.
Considering all of the above, it is our opinion that failure to fill in any and/or all blanks on the certificate of the ballot envelope flap results in substantial failure to comply with a mandatory requirement of the absentee voting laws. Thus, a challenge could certainly be made for cause in such an instance.
With regard to your fourth question, you state that the absentee ballot envelope flap is signed by the voter but is not notarized nor signed by two witnesses. In Adkins, supra the Court found that a mail-in absentee ballot which bore a *Page 4 
signature, but lacked the signature of either a notary or two witnesses as required by La.R.S. 18:1310 was correctly disqualified, stating at footnote 14:
 It is obvious that the requirement of either a notary or two witnesses to the signature is to verify that the purported signature is indeed the signature of the named elector on the ballot. Without this verification, the signature loses its proof of authenticity. The ballot is then easily susceptible to someone else forging the name of the elector or casting the ballot. This omission does violence to ensuring the integrity of the election and the door to fraud is flung wide. We find this requirement sacramental to the reasonable objectives of the absentee voting law.
Id. at **18.
Therefore, we opine that in the event an absentee ballot envelope flap is signed by the voter but is not notarized nor signed by two witnesses, said ballot is not in substantial compliance with the absentee voting laws and is subject to challenge for cause.
Your staff has also requested by phone that we address the issue of whether the notary fails to fill in the date on the flap. The flap reads:
 Sworn to and subscribed before me on:
 _______________________
 (DATE)
 _____________________
 SIGNATURE OF NOTARY OR REGISTRAR
 _____________________
 (TITLE)
R.S. 18:1306(E) requires an absentee ballot envelope to have a flap with a certificate which includes "[l]ines for the signature of two witnesses." The law further provides, "[t]he voter may sign the certificate in the presence of two witnesses, who must also sign the certificate, and in such a case, the voter shall not be required to obtain the signature of a notary public, but his certificate shall be made under penalty of perjury . . .". We could not find any law requiring either the notary's signature or the witness's signature to be dated. Therefore, it is our opinion that failure of the witnesses/notary to date the instrument would not amount to a substantial failure of the absentee voting laws.
We next address your fifth question, where the absentee ballot envelope flap is not signed by the voter on the signature line, but the name does appear on the flap in the space provided for name. It is a requirement of law that the voter sign *Page 5 
the certificate on the ballot envelope flap. R.S. 18:1310. Again, it is our opinion that failure to sign the certificate amounts to substantial failure of the voter to comply with a mandatory requirement of the absentee voting laws. This ballot would, therefore, be subject to challenge for cause.
We last address your sixth question, where none of the information requested on the absentee ballot envelope flap is provided but the voter has signed the affidavit and the signature is witnessed or notarized. We refer again to the mandatory requirements of R.S. 18:1310, where the legislature has provided that a voter shall fill in all blanks on the certificate on the ballot envelope flap. We reiterate our earlier statement with regard to questions one, two and three, "it is our opinion that failure to fill in any and/or all blanks on the certificate of the ballot envelope flap results in substantial failure to comply with a mandatory requirement of the absentee voting laws. Thus, a challenge could certainly be made for cause in such an instance."
In sum, it is our opinion that in all of these scenarios a challenge could certainly be made for cause [with the exception of the notary failing to date the instrument]. R.S. 18:1315(B) provides that "during the counting and tabulating of absentee ballots, any candidate or his representative, member of the board, or qualified elector may challenge an absentee ballot for cause, other than those grounds specified in R.S.18:565(A)." The law requires a majority vote of the board in determining the validity of any ballot challenged. Therefore, in response to your questions in general, voting to reject ballots on these basis is supported by the law and jurisprudence of the State of Louisiana. However, this opinion in no way intends to specifically instruct a member of the parish board of election supervisors as to how to vote on challenges. Our purpose is to research and explain the law, so as to provide knowledge to the members of the board so that they in turn can make an informed vote.
We hope this information sufficiently answers all of your questions. If we can be of further assistance, please advise.
 Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________
 ANGIE ROGERS LAPLACE Assistant Attorney General
 RPI/ARL;cwr
 Cc: Hon. W. Fox McKeithen